JjLOLLEY, J.
Annette V. Kovac appeals the judgment of the Fourth Judicial District Court, Parish of Morehouse, State of Louisiana in favor of Spraymax, Inc. and Entergy Louisiana, Inc. For the following reasons, we affirm.
Facts
Annette V. Kovac (“Kovac”) owns property in Morehouse Parish, Louisiana, upon which is a power line owned and operated by Entergy Louisiana, Inc. (“Entergy”). In order to operate its electrical transmission lines, Entergy has a right-of-way which allows it to take action to prevent vegetation from growing on its lines. The lines were apparently in place for a number of years before the execution of a right-of-way agreement was executed in 1996 between Kovac and a predecessor to Entergy. The right-of-way granted to En-tergy was 30 feet in width (15 feet each way from the centerline of the electric line). Said agreement gave Entergy “the full and continuing right to clear and keep clear trees, limbs, and/or other vegetation which [Entergy] considered] a hazard to any of its electric power or communications facilities or a hazard to the rendering of adequate and dependable service ... by use of a variety of methods used in the vegetation management industry.”
Entergy hired out the trimming of the vegetation to third parties, in this case Spraymax, Inc. (“Spraymax”). According to Entergy’s contract with Spraymax, *936 Spraymax would “furnish labor, equipment, and supervision as required to perform herbicide treatment” on Entergy’s equipment. Specifically, the herbicide would be applied using a hand-held spraying device. According to Entergy, aerial spraying was not contemplated or performed by the terms of the contract with Spraymax.
|2In October 2001, Spraymax was in the process of spraying the vegetation on En-tergy’s property utilizing a hand-held spraying device from the ground. In so doing, Kovac claims Spraymax over-sprayed its herbicidal chemicals onto her property (outside of the right-of-way) resulting in some of Kovac’s peach orchards being sprayed. According to Kovac, the peach orchards were approximately ten years old at the time they were sprayed, and they had between five and ten years of remaining productive life. Kovac claims that the method Spraymax used to spray the vegetation on Entergy’s lines caused the over-spray to occur. Kovac also claims that other ornamental plants and trees were sprayed as well. As a result of Spraymax’s actions, Kovac alleges the plantings were virtually destroyed.
Kovac filed suit against Spraymax and Entergy, as well as a John Doe and XYZ Insurance Company. After a bench trial of the matter, the trial court entered judgment in favor of the defendants. After her motion for new trial was denied, this appeal by Kovac ensued.
Discussion
The primary issue in this appeal is whether Spraymax’s actions were the cause-in-fact of the destruction of Kovac’s peach trees and various other ornamental plantings and trees so as to make Spray-max liable for Kovac’s alleged damage. After a trial on the merits, the trial court determined that Spraymax’s actions were not cause-in-fact of Kovac’s damage, and for the following reasons, we agree.
Louisiana Civil Code Article 2315 provides the basis for a cause of action in negligence by providing that “[ejvery act whatever of man that | ^causes damage to another obliges him by whose fault it happened to repair it.” In order to determine whether a plaintiff should prevail on a claim in negligence, Louisiana courts employ a duty-risk analysis. Perkins v. Entergy Corp., 2000-1372 (La.03/23/01), 782 So.2d 606. “Under this analysis the plaintiff must prove that the conduct in question was the cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant and the risk of harm was within the scope of protection afforded by the duty breached.” Posecai v. Wal-Mart Stores, Inc., 99-1222 (La.11/30/99), 752 So.2d 762, 765.
In the case sub judice, the trial court concluded that the evidence of record did not support a finding that the actions of Spraymax were the cause-in-fact of Kovac’s alleged injuries. A defendant’s conduct is actionable under the duty/risk analysis where it is both a cause in fact of the injury and a legal cause of the harm incurred. Taylor v. City of Shreveport, 26,820 (La.App. 2d Cir.04/07/95), 653 So.2d 232, writ denied, 95-1131 (La.06/16/95), 655 So.2d 333. The cause-in-fact test requires that “but for” the defendant’s conduct, the injuries would not have been sustained. The legal causation test requires that there be a “substantial relationship” between the conduct complained of and the harm incurred. Taylor, supra.
Whether a defendant’s conduct was cause-in-fact of the injuries is a factual question to be determined by the factfinder. Theriot v. Lasseigne, 93-2661 (La.07/05/94), 640 So.2d 1305, 1310. A *937 court of appeal may not |4set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Theriot, supra.
As stated in the trial court’s oral reasons for judgment, it relied on the expert testimony of Phillip Berry, a district supervisor in the Office of Agriculture Environmental Sciences, Louisiana Department of Agriculture and Forestry. Berry was accepted by the trial court as an expert in crop damage investigations; however, he also had personal first-hand knowledge of Ko-vac’s property and, in particular, the peach trees upon it, which he opined to be in a steady state of decline. At the time of trial, Kovac’s property had been in Berry’s jurisdiction for thirteen years, and he had first investigated a complaint made by Ko-vac and her husband, Johnnie Kovac, in 1991. Berry testified that he had been called by the Kovacs on approximately twelve occasions to investigate complaints similar in nature to the one at issue in this litigation. Among those, the following complaints (admitted into evidence at the trial) were made by the Kovacs and written up by Berry:
• July 13, 2000: Injury was noted in late April to “pine trees, oak trees, sycamore trees, yard/lawn, shrubs, fruit trees” resulting from poison and herbicides. As a result, there were “noticeable leaf droppings”;
• July 28, 2000: In May 2000, Berry met with Mr. Kovac regarding a complaint of leaves dropping from trees around the home, which Mr. Kovac attributed to chemical applications;
• October 8, 2001: Injury was noted in mid-September 2001 to “garden, yard, trees,” including peach trees; and
|R> July 12, 2002: Injury was noted in July to “rose bushes, willow trees, yard area” and attributed to “sprayed chemicals by plane or by some type of spraying.” [1]
Among those various complaints is one of significance, because it was lodged the day before the spraying occurred by Spraymax. Mr. Kovac had issued a complaint with Berry on October 8, 2001. In that specific complaint, Mr. Kovac reported to Berry that, “All foliage on front of farm especially at house where I spend most of my time now ... The garden was wiped out. Everything in the yard was effected [sic], especially roses and gardenias. The spray drifted on me on the front porch. [Eight] acres of peach trees was [sic] defoliated.” Notably, however, at trial neither Kovac nor her husband recalled the incident on October 8, 2001, despite Mr. Kovac’s formal complaint.
In the complaint made to Berry that is the subject of this appeal, Berry met with Mr. Kovac on May 16, 2002, and noted the following:
The peach trees involved are approximately 10-12 years of age and show signs of dead tissue older than the time frame given. I have been to Mr. Ko-vac’s property in recent years and have noticed the peach trees have been in this state of decay for some time. I cannot therefore attest to any chemical drift to the trees from an event which happened over eight months ago. The pecan trees in question do appear to have been sprayed several times in recent years, giving them a stunted appearance with multiple extraneous limbs, another fact that I have noticed during recent visits made to the Kovac property over the past few years.
*938 [[Image here]]
As for other pesticide symptoms around the Kovac property, I could not find anything that appeared to be pesticide related and due to the large expanse of time between an ^October application and my inspection in May make it impossible to tell anything with any certainty regarding that application.
It is the duty of the trier of fact to weigh credibility and to accept or reject all or part of a witness’s testimony. Marshall v. Caddo Parish School Bd., 82,373 (La.App. 2d Cir.10/29/99), 743 So.2d 943. Where there is a conflict in the testimony, reasonable evaluations of credibility should not be disturbed on appeal. Rosell v. ESCO, 549 So.2d 840 (La.1989). Where there are two permissible views of the evidence, the factfinder’s choice cannot be manifestly erroneous or clearly wrong. Stobart v. State, Through Dept. of Transp. and Development, 617 So.2d 880 (La.1993).
Here, the trial court considered all the testimony and documentary evidence before it and accepted as most credible Berry’s testimony. Such a determination was clearly within its province. Although the trial court found that over-spraying had indeed occurred by Spraymax, such a finding is not inconsistent with the conclusion that Spraymax was not liable for the destruction of the trees and other plantings, because in considering the evidence adduced at trial, it is reasonable to conclude that Spraymax’s actions were not the cause-in-fact of Kovae’s injuries. Furthermore, Berry’s assessment of the condition of the trees is buttressed by the history of similar complaints made by the Kovacs— such which verily support the conclusion by the trial court that Spraymax’s actions were not the cause-in-fact of Kovac’s injuries. It was not in error to conclude that the incident at issue in this appeal was but one of a string of like events that led to the demise of these trees and plantings. Thus, considering the particular and 17peculiar facts and circumstances presented, it was proper for the trial court to conclude that Spraymax’s actions were not cause-in-fact of Kovac’s damage and, thus, it was not liable to Kovac.
As to Kovac’s argument that the trial court failed to specifically make any findings as to the damage to specific trees on her property, we note that appeals are taken from judgments, not reasons for judgments. Greater New Orleans Expressway Com’n v. Olivier, 2002-2795 (La.11/18/03), 860 So.2d 22; Jackson v. State, 39,759 (La.App. 2d Cir.06/29/05), 907 So.2d 250. Although the trial court failed to specifically mention certain trees on Ko-vac’s property in its oral reasons for judgment, the final judgment was rendered in favor of Spraymax and Entergy, rejecting all of Kovac’s claims and dismissing the proceeding. Moreover, although the trial court did not mention the particular trees noted by Kovac in her appeal, the reasons for judgment ultimately determined, generally, that Spraymax’s actions were not cause-in-fact of Kovac’s injuries. Thus, Kovac’s assignments of error as to these issues are without merit.
In another assignment of error, Kovac argues that Entergy should have been found in solido liable with Spraymax, because Entergy allowed Spraymax to apply herbicides in accordance with the right-of-way agreement with Kovac. However, our determination that the trial court did not err regarding Spraymax’s liability preter-mits any discussion of Entergy’s liability on the issue, i.e., if Spraymax’s actions were not proved to be cause-in-fact of Ko-vac’s injuries, then it follows that Entergy has no independent liability in this particular case.
*939 1 ^Finally, Kovac submits that the trial court erred in denying her motion for new trial. Louisiana C.C.P. art. 1972 states:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
Initially, we note that a trial court’s discretion in ruling on a motion for new trial is great, and its decision will not be disturbed on appeal absent an abuse of that discretion. Davis v. Wal-Mart Stores, Inc., 2000-0445 (La.11/28/00), 774 So.2d 84. Next, specifically regarding a non-jury trial, as was the case here, two questions must be considered in deciding whether to grant a motion for a new trial: (1) whether the judgment is clearly contrary to the law and evidence and (2) whether the party seeking the new trial should have discovered the new evidence with due diligence. Succession of Budwah, 441 So.2d 39 (La.App. 3d Cir.1983). Considering the record before us, clearly Kovac did not meet her burden of proving any of the necessary elements to warrant a new trial in her case; therefore, we find no abuse in the trial court’s discretion on this issue.
_b.c ONCLUSION
For the foregoing reasons, the judgment of the trial court in favor of Spraymax Inc. and Entergy Louisiana, Inc. is affirmed. Costs of this appeal are assessed to Annette Kovac.
AFFIRMED.

. This final complaint was made before Kovac filed her petition, but following the specific actions by Spraymax made the subject of her lawsuit.