PITMAN, J.
Plaintiff Terry LaCarl James appeals the judgment of the trial court which sustained the exception of no cause of action filed by Defendants Eldorado Casino Shreveport Joint Venture, Eldorado Shreveport # 1, LLC, and Eldorado Shreveport # 2, LLC (collectively, "the Eldorado"), and which dismissed Plaintiff's *266 suit. For the following reasons, we affirm the judgment of the trial court.
FACTS
On February 22, 2015, Plaintiff, a resident of Minden, Louisiana, parked his car in the garage across the street from the Eldorado hotel in Shreveport and then checked into the hotel for a two-night stay. He came to Shreveport to seek refuge from an ice storm which had been predicted for the area. He gambled in the Eldorado casino the first night and spent the night in his room. The next morning, he allegedly went back to the casino to gamble; however, he encountered a waitress who was rude to him. He lodged a complaint with the waitress's supervisor and decided to return to his room. A hotel security officer met him and accused him of "picking up people's player's cards" and of lying to the security officer about being in the casino earlier that day. The security officer gave Plaintiff three choices: (1) he could leave the casino voluntarily; (2) he could be forcibly evicted from the property; or (3) he could be arrested and thrown in jail. Plaintiff chose to leave the hotel voluntarily.
Although the State Police warned people not to travel on an icy and dangerous I-20 unless absolutely necessary, Plaintiff left the Eldorado hotel, drove his car out of the garage and began traveling on I-20 heading east toward Minden. He lost control of his car and ran off the Interstate near mile marker 34 in Bossier Parish and crashed his car into the steel cable barrier on the left side of the Interstate in the median.
Plaintiff filed suit against the Eldorado, claiming that his accident on the Interstate and the resulting damages were caused by the Eldorado employees. His petition alleged that the Eldorado was liable to him since it intentionally forced him to leave the property when weather and road conditions were very dangerous, it failed to exercise reasonable care to protect him from exposure to the dangerous road conditions, it intentionally exposed him to those hazardous road conditions and it intentionally breached its contract with him, since he checked into the hotel for a two-night stay for the express purpose of avoiding travel in the winter weather.
The Eldorado filed a peremptory exception of no cause of action and argued that it had no duty to protect Plaintiff from the harm alleged in the petition. It asserted that it had no duty to protect a person from any danger he encountered after leaving the premises of the hotel. Because there was no duty to protect him from dangerous weather conditions on a state highway, or to protect him from his own decision to drive despite the inclement weather, it sought dismissal of Plaintiff's suit through the exception of no cause of action.
The trial court sustained the exception, dismissing Plaintiff's suit against the Eldorado. Plaintiff appeals the decision of the trial court.
DISCUSSION
Plaintiff argues that the trial court erred in finding the Eldorado had no duty to him when it caused him to leave the premises in an ice storm. He asserts that the Eldorado had a duty to provide him with a safe haven from the ice storm since his main reason for traveling to Shreveport was to spend the night at the hotel. He claims that, but for his being told to leave the hotel, he would not have ventured onto the icy highway and would not have been involved in the accident. For these reasons, he claims the trial court erred in sustaining the exception of no cause of action.
*267 The Eldorado argues that the trial court correctly sustained its exception of no cause of action since the allegations of the petition show that the law does not provide a remedy to anyone under the facts alleged. It contends that it had no duty to Plaintiff because it is not liable for risks not located on its premises, and it had no duty to ensure that Plaintiff maintained control of his vehicle. When there is no duty to protect Plaintiff from the harm alleged, the petition fails to state a cause of action upon which relief may be granted.
In Century Ready Mix Corp. v. Boyte , 42,634 (La. App. 2 Cir. 10/24/07), 968 So.2d 893, this court stated:
A "cause of action," when used in the context of the peremptory exception of no cause of action, is the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. Everything on Wheels Subaru, Inc. v. Subaru South, Inc. , 616 So.2d 1234 (La.1993). A peremptory exception of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. Birdsong v. Hirsch Memorial Coliseum , 42,316 (La. App. 2d Cir. 8/22/07), 963 So.2d 1095 ; Hayes v. Gallagher Bassett Services, Inc. , 41,579 (La. App. 2d Cir. 12/13/06), 945 So.2d 911, writ denied , 07-0085 (La. 3/30/07), 953 So.2d 73. The exception is triable on the face of the petition, each well-pled fact of which must be accepted as true. There is no requirement that the court accept as true any conclusions of law alleged in the petition. No evidence may be introduced to support or controvert the exception of no cause of action. La. C.C.P. art. 931 ; Wright v. Louisiana Power and Light , 06-1181 (La. 3/9/07), 951 So.2d 1058 ; Birdsong, supra . The burden of demonstrating that the petition states a cause of action is upon the mover. Wright, supra . Appellate courts conduct a de novo review of a district court's ruling sustaining an exception of no cause of action, because the exception raises a question of law and the district court's decision should be based only on the sufficiency of the petition. The pertinent question is whether, in the light most favorable to the plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief. Wright, supra . Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. Badeaux v. Southwest Computer Bureau, Inc ., 05-0612 (La. 3/17/06), 929 So.2d 1211.
The allegations of Plaintiff's petition imply liability should be imposed upon the Eldorado based on general principles found in La. C.C. arts. 2315 and 2317. La. C.C. art. 2315 states that every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. La. C.C. art. 2317 states that persons are responsible not only for their own acts, but for those acts of other persons for whom they are responsible, as well as the things over which a person has custody, which may cause harm to others. In regard to damage caused by ruin, vice or defect in things, La. C.C. art. 2317.1 states the owner or custodian of a thing is answerable for damages occasioned by its ruin, vice or defect only upon a showing that he knew, or in the exercise of reasonable care, should have known of those defects which caused damage, and yet he failed to exercise reasonable care.
A threshold issue in any negligence action under the duty/risk analysis is whether the defendant owed the plaintiff a *268 duty. Whether a duty is owed is a question of law. Boyte , supra .
The duty/risk analysis consists of the following four-prong inquiry: (1) Was the conduct in question a substantial factor in bringing about the harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred? (2) Did the defendant(s) owe a duty to the plaintiff? (3) Was the duty breached? (4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached? Rando v. Anco Insulations Inc ., 08-1163 (La. 5/22/09), 16 So.3d 1065, citing Mathieu v. Imperial Toy Corp ., 94-0952 (La. 11/30/94), 646 So.2d 318. Under a duty/risk analysis, all four inquiries must be affirmatively answered for plaintiff to recover. As such, in order for liability to attach under a duty/risk analysis, a plaintiff must prove five separate elements, namely the duty element, the breach of duty element, the cause-in-fact element, the scope-of-liability or scope-of-protection element and the damages element. Rando , supra .
Regardless if stated in terms of proximate cause, legal cause or duty, the scope of the duty inquiry is ultimately a question of policy as to whether the particular risk falls within the scope of the duty. Id. The scope of protection inquiry asks whether the enunciated rule or principle of law extends to or is intended to protect this plaintiff from this type of harm arising in this manner. Id.
A hotel owes a duty to its patrons to exercise reasonable and ordinary care, including maintaining the premises in a reasonably safe and suitable condition. Spencer v. Red River Lodging , 37,930 (La. App. 2 Cir. 2/5/04), 865 So.2d 337. Although the keepers of inns, lodging houses or restaurants are not the insurers of the safety of their guests, they are under an obligation to exercise, at least, ordinary or reasonable care to keep them from injury. Id.
The duty imposed on a business to provide a safe place for its customers applies to the premises, but not to adjacent property unless the business created the hazard which causes the injury. George v. Western Auto Supply Co. , 527 So.2d 428 (La. App. 4 Cir. 1988).
Plaintiff's petition contains no allegations that the injury he suffered was caused by the Eldorado's failure to exercise reasonable care in maintaining the premises in a reasonably safe and suitable condition. In fact, any damage sustained by Plaintiff occurred off the premises of the casino and hotel and on the state highway when he lost control of his vehicle and left the roadway. Once Plaintiff left the Eldorado casino and hotel, it had no duty to protect him from himself or from his impulse to drive under unreasonably dangerous and icy conditions. It was Plaintiff's responsibility to maintain control of his own motor vehicle, and it was his decision to undertake the risky drive home.
For the foregoing reasons, we find that the Eldorado did not owe Plaintiff a duty to protect him against the harm alleged in his petition, and the trial court correctly sustained the exception of no cause of action and found that the law does not provide a remedy to anyone under the facts alleged in Plaintiff's petition. Therefore, this assignment of error is without merit.
CONCLUSION
The judgment of the trial court, sustaining the exception of no cause of action in favor of Defendants, Eldorado Casino Shreveport Joint Venture, Eldorado Shreveport # 1, LLC, and Eldorado Shreveport #2, LLC, and against Plaintiff, Terry LaCarl James, dismissing the suit against them, is hereby affirmed. Costs of *269 the appeal are assessed to Plaintiff Terry LaCarl James.
AFFIRMED.