Judgment rendered January 11, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,829-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

EROS PELLERIN                                        Plaintiff-Appellant

versus

FOSTER FARMS, L.L.C., ET AL                  Defendants-Appellees

* * * * *

Appealed from the
Third Judicial District Court for the
Parish of Lincoln, Louisiana
Trial Court No. 60,267

Honorable Monique B. Clement, Judge

* * * * *

PARKER ALEXANDER LLC                        Counsel for Appellant
By: Chad C. Carter

HUDSON POTTS & BERNSTEIN, LLP          Counsel for Appellees
By: Gordon L. James                                Foster Farms, L.L.C.
    Donald H. Zeigler, III                          and Chris Shows

* * * * *

Before COX, HUNTER, and MARCOTTE, JJ.

**MARCOTTE, J.**

This devolutive appeal arises from the Third Judicial District Court, Lincoln Parish, Judge Monique B. Clement presiding. Eros Pellerin ("plaintiff" or "appellant") seeks review of the trial court's judgment granting summary judgment in favor of defendants, Foster Farms, L.L.C. ("Foster Farms") and Chris Shows (collectively, "defendants" or "appellees"). The trial court found no genuine issue of material fact exists making defendants liable for injuries plaintiff sustained after his car collided with debris from a blown-out tire used on a trailer operated by Mr. Shows. For the following reasons, we affirm the trial court's ruling.

## FACTS

On May 10, 2018, Mr. Shows was driving a tractor-trailer eastbound on Interstate 20 hauling live chickens for Foster Farms. Plaintiff was also driving his vehicle eastbound on Interstate 20 and was attempting to pass Mr. Shows on the left. As plaintiff maneuvered to pass Mr. Shows, one of the left rear tires on the trailer blew out, resulting in tire and other debris striking plaintiff's vehicle, causing plaintiff harm.

On March 8, 2019, plaintiff filed a petition against Mr. Shows and Foster Farms seeking personal injury damages. Plaintiff claimed that the accident was Mr. Shows' fault, and that Mr. Shows was acting within the course and scope of his employment with Foster Farms, rendering Mr. Shows and Foster Farms jointly liable.

On April 8, 2019, defendants filed an answer to the petition wherein they denied liability for the accident and asserted that the tire did not blow out due to any fault on their part. Defendants maintained that the trailer and tires were properly maintained and that the blowout occurred despite all

reasonable efforts on their part. Defendants further asserted that "blowouts" occur for a multitude of reasons beyond the control of the owner and driver, including road debris, which cannot be reasonably detected when driving on an interstate.

On October 24, 2019, defendants filed a motion for summary judgment claiming that there was an absence of any factual support that defendants knew, or in the exercise of reasonable care should have known, of any issues with the tire that blew. Defendants pointed to the deposition testimony of Mr. Shows wherein he testified that he inspected the tire in question prior to leaving the yard with his truck. Mr. Shows testified that he inspected the tire for cuts and damage as well as tread depth and separation. He also used a "strike bar" to check the tire for air pressure. Mr. Shows testified that nothing in his inspection revealed any issues with the tire.

Defendants further asserted that there was no evidence that any Foster Farms employee should have known of any defect with the tire prior to the incident. Defendants claimed that, to the contrary, the evidence showed that Foster Farms and its employees exercised reasonable care through numerous, meticulous, and regular inspections. Defendants claimed that the inspection records they produced in discovery show the significant effort Foster Farms undertook to inspect the trailer and its tires, including the subject tire. Finally, defendants asserted that the inspection records indicate that on the morning of the accident, the tires were checked and no problems with them were noted. Whether plaintiff proceeds under a theory of general negligence under Louisiana Civil Code article 2315 or strict liability under Louisiana Civil Code article 2317.1, defendants claimed that the result is the same since there are no facts which support plaintiff's allegation that

2

defendant knew, or in the exercise of reasonable care should have known, of defects in the tire that blew. Due to this lack of factual support, defendants claimed that summary judgment was appropriate.

On October 13, 2021, plaintiff filed an opposition to defendants' motion for summary judgment and a cross motion for partial summary judgment. Plaintiff claimed that defendants were liable under a theory of negligence *per se* due to alleged violations of various regulations and safety rules relating to tire inspections and reports. Plaintiff claimed that defendants did not properly inspect the trailer tires and failed to properly report problems with the tires. Plaintiff also claimed that Foster Farms had no way of knowing how many miles each live haul trailer tire had on it at any given time. Plaintiff pointed out that certain rules, regulations, and recommendations apply such as are found in the Federal Motor Carrier Safety Regulations.

Specifically, plaintiff relied on 49 CFR §§ 396.3 and 396.11. 49 CFR § 396.3 prohibits a motor vehicle from being operated in a condition likely to cause an accident or breakdown and holds that no commercial vehicle may be driven unless the driver is satisfied that the vehicle's parts and accessories are in good working order. 49 CFR § 396.11 involves requirements for the commercial driver's post-trip inspection reports known as the Driver Vehicle Inspection Report ("DVIR"). The DVIR must include an inspection of the trailer as well as all defects in the parts and accessories that were discovered by or reported to the driver during that day. Plaintiff claimed that the DVIR had to contain all required information and signatures and that these things were not properly adhered to. In addition, plaintiff cited La. Admin. Code tit. 55, part III, § 813, which sets forth Louisiana's

3

annual vehicle inspection procedures. Plaintiff claimed that defendants did not comply with this provision of the Louisiana Administrative Code either.

Regarding the cause of the blowout, plaintiff claimed that the amount of heat within the live haul trailer's tires was to blame and that the amount of heat in the tires was 100% controllable by Foster Farms had it used proper maintenance and inspection procedures. Plaintiff argued that this claim is supported by a statement made by Kelly Patrick, a mechanic employed by Foster Farms. At Mr. Patrick's deposition, he testified that the likely cause of the accident was internal heat in the subject trailer tire.

Finally, plaintiff claimed that defendants failed to frequently and accurately check the tire pressure in the tires of its live haul trailers and failed to record what live haul trailer tires were replaced, when they were replaced, and how many miles were on each tire.

On November 29, 2021, the trial court held a hearing on the motions for summary judgment before taking the matter under advisement. On March 2, 2022, the trial court entered a judgment granting defendants' summary judgment and denying plaintiff's cross motion for partial summary judgment. This appeal by plaintiff followed.

**DISCUSSION**

On appeal, plaintiff claims that the trial court erred in finding that defendants were not responsible for his damages through negligence *per se*. In support of this claim, appellant argues that defendants' violations of various motor carrier safety standards are proof of liability because the violations were the cause-in-fact and legal cause of the accident in question. Appellant also claims that defendants are responsible for his damages under general Louisiana negligence law. Appellant claims that by failing to

4

frequently and accurately check the air pressure in the tires of its live haul trailers, and by failing to record what live haul trailer tires were replaced, when they were replaced, and how many miles were on each tire, Foster Farms breached its duty of reasonable care.

Appellant argues that genuine issues of material fact exist as to Foster Farms' inspection of the subject tire and the training of its employees on proper tire inspection procedures. Appellant further argues that genuine issues of material fact exist concerning the sufficiency of Mr. Shows' pre-trip inspection of the subject tire. Finally, appellant claims that defendants had constructive notice of the defect that caused his damages and that his motion for partial summary judgment should have been granted by the trial court.

Appellees claim that the trial court correctly ruled that plaintiff failed to satisfy the element found in La. C.C. art. 2317.1 which requires that Foster Farms knew of a defect with the subject tire prior to the accident. Appellees claim that plaintiff failed to prove that in the exercise of reasonable care Foster Farms should have known of a defect with the subject tire prior to the accident. Appellees also claim the trial court correctly ruled that plaintiff failed to demonstrate a defect with the tire.

Appellees further claim that plaintiff failed to set forth negligence *per se*. In support of this claim, appellees aver that none of the statutes or regulations identified by plaintiff require pre-trip or post-trip inspection of tire air pressure, nor do any of the statutes or regulations identified by plaintiff require recording tire mileage, location, or length of service. Appellees further claim that there are, in fact, reports showing that worn tires were replaced. Finally, appellees argue that plaintiff's claims fail under

the duty-risk analysis. Appellees ask this court to affirm the trial court's ruling.

A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate, *i.e.*, whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So. 2d 880. A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to any material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).

To reverse the trial court's decision, this court would have to find on *de novo* review that the record reveals a genuine issue of material fact which precludes summary judgment as a matter of law. *White v. Louisiana Dep't of Transp. & Dev.*, 18-741 (La. App. 3 Cir. 3/13/19), 269 So. 3d 1031, *writ denied*, 19-0572 (La. 5/28/19), 273 So. 3d 311. A fact is material if it

6

potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Maggio v. Parker*, 17-1112 (La. 6/27/18), 250 So. 3d 874.

Plaintiff alleges that liability should be imposed upon defendants based on general principles found in La. C.C. arts. 2315 and 2317. La. C.C. art. 2315 states that every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. La. C.C. art. 2317 states that persons are responsible not only for their own acts, but for those acts of other persons for whom they are responsible, as well as the things over which a person has custody, which may cause harm to others. In regard to damage caused by ruin, vice, or defect in things, La. C.C. art. 2317.1 states the owner or custodian of a thing is answerable for damages occasioned by its ruin, vice, or defect only upon a showing that he knew, or in the exercise of reasonable care, should have known of those defects which caused damage, and yet he failed to exercise reasonable care.

A threshold issue in any negligence action under the duty/risk analysis is whether the defendant owed the plaintiff a duty. Whether a duty is owed is a question of law. *James v. Eldorado Casino Shreveport Joint Venture*, 51,707 (La. App. 2 Cir. 11/15/17), 245 So. 3d 264, *writ denied*, 17-2091 (La. 2/9/18), 236 So. 3d 1266.

Liability for negligence is determined by applying the duty/risk analysis. *Johnson v. Lowe's Home Centers, LLC*, 52,602 (La. App. 2 Cir. 4/10/19), 267 So. 3d 1198. The duty/risk analysis consists of the following

7

four-prong inquiry: (1) Was the conduct in question a substantial factor in bringing about the harm to the plaintiff, *i.e.*, was it a cause-in-fact of the harm which occurred? (2) Did the defendant(s) owe a duty to the plaintiff? (3) Was the duty breached? (4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached? *Rando v. Anco Insulations, Inc.*, 08-1163 (La. 5/22/09), 16 So. 3d 1065, *citing Mathieu v. Imperial Toy Corp.*, 94-0952 (La. 11/30/94), 646 So. 2d 318.

Under a duty/risk analysis, all four inquiries must be affirmatively answered for plaintiff to recover. As such, in order for liability to attach under a duty/risk analysis, a plaintiff must prove five separate elements, namely the duty element, the breach of duty element, the cause-in-fact element, the scope-of-liability or scope-of-protection element, and the damages element. *Rando, supra.*

Regardless if stated in terms of proximate cause, legal cause, or duty, the scope of the duty inquiry is ultimately a question of policy as to whether the particular risk falls within the scope of the duty. *Id.* The scope of protection inquiry asks whether the enunciated rule or principle of law extends to or is intended to protect this plaintiff from this type of harm arising in this manner. *Id.*

A defendant's conduct is actionable under the duty/risk analysis where it is both a cause-in-fact of the injury and a legal cause of the harm incurred. *Kovac v. Spraymax, Inc.*, 40,166 (La. App. 2 Cir. 9/21/05), 911 So. 2d 934. The cause-in-fact test requires that "but for" the defendant's conduct, the injuries would not have been sustained. The legal causation test requires that there be a "substantial relationship" between the conduct complained of and the harm incurred. *Kovac, supra.*

8

Here, the summary judgment evidence, viewed *de novo*, does not establish, as a matter of law, that defendants' conduct was the cause-in-fact of plaintiff's alleged injury. The issue here revolves around the question of whether or not a blowout could occur for any reason other than negligence in either maintaining the tire or in the driving of the vehicle. If a blowout could just as likely occur outside of negligence on the part of defendants' maintenance, then plaintiff has not demonstrated that any maintenance issue was the cause of the blowout in this case. And though defendants can simply allege an absence of causation, plaintiff cannot simply allege the presence of it. Plaintiff must come forward with credible evidence to support causation.

Plaintiff speculates that the amount of heat within the live haul trailer's tire was the cause of the blowout and that the amount of heat was 100% controllable by Foster Farms had it used proper maintenance and inspection procedures. No evidence supports this claim, however. Plaintiff argues that this claim is supported by a statement made by the Foster Farms mechanic, Mr. Patrick, who testified in his deposition that the likely cause of the accident was internal heat in the subject trailer tire. However, no foundation was laid or information given to support Mr. Patrick being qualified to give an expert opinion as to the cause of the blowout. Furthermore, it strains credulity for plaintiff to argue on the one hand that Mr. Patrick's statement establishes the cause of the blowout, and on the other hand to argue that Mr. Patrick was inadequately trained by Foster Farms.

Other than the general statement made by Mr. Patrick that the blowout was likely caused by heat and a non-authenticated blog that is cited in

9

plaintiff's brief regarding the possible build-up of heat being caused by underinflated tires, there is no credible evidence or expert testimony to establish the likely cause of the blowout. Moreover, Mr. Patrick himself pointed out that there were various possible explanations for the accident.

Clearly, considering the unrefuted evidence submitted to the trial court, plaintiff lacks the factual support necessary to show that he would be able to meet the burden of proving the element of cause-in-fact at a trial. As articulated herein and easily seen, his allegations are not grounded in fact, but are merely speculative in nature. Mere speculation is not sufficient to defeat a motion for summary judgment. *Scott v. City of Shreveport*, 49,944 (La. App. 2 Cir. 6/24/15), 169 So. 3d 770, *writ denied*, 15-1438 (La. 10/9/15), 186 So. 3d 1149; *Gifford v. Arrington*, 14-2058 (La. 11/26/14), 153 So. 3d 999; *Slade v. State ex rel. Univ. of La. at Monroe*, 46,720 (La. App. 2 Cir. 11/9/11), 79 So. 3d 463. Mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of genuine issue of material fact. *Scott, supra*; *Slade, supra*. Such allegations, inferences, and speculation are insufficient to satisfy the opponent's burden of proof. *Scott, supra; Slade, supra*. Plaintiff did not produce any evidence, other than his speculative and conclusory allegations, that the alleged conduct by defendants was the cause-in-fact of his injury. We conclude that such evidence is insufficient to support a finding that defendants' conduct was the cause-in-fact of his injury.

Additionally, we find that there is no factual support for plaintiff's assertion that defendants knew, or in the exercise of reasonable care, should have known, of any issues with the tire that blew. Chris Shows, the driver of the truck at issue, testified that he inspected the tire in question prior to

10

leaving the yard with his truck. He testified that there were no issues with the tire, and that if he had concerns of any kind with the tire, he would not have left the yard with the truck. Furthermore, Mr. Shows testified that he inspected all of the tires prior to each trip he made in the Foster Farms tractor-trailer, and that this trip was no different.

Plaintiff makes much of the fact that Mr. Shows did not use a gauge to check tire air pressure. However, plaintiff is unable to point to any regulation that actually requires tire air pressure to be tested with a gauge prior to every trip. Plaintiff was also unable to provide any evidence that any Foster Farms employee should have known of any defect with the tire prior to the incident. In fact, Foster Farms produced voluminous maintenance and inspection records for the trailer at issue. There simply is no evidence for plaintiff's claim that these records were "pencil-whipped" by defendants.

Plaintiff also argues that defendants are liable under the doctrine of negligence *per se*. However, Louisiana does not recognize the negligence *per se* doctrine. *Ducote v. Boleware*, 15-0764 (La. App. 4 Cir. 2/17/16), 216 So. 3d 934, *writ denied*, 16-0636 (La. 5/20/16), 191 So. 3d 1071. Louisiana courts have noted that the violation of a statute or regulation does not automatically, in and of itself, impose civil liability, as Louisiana has no negligence *per se* doctrine. *Faucheaux v. Terrebone Consol. Gov't*, 615 So. 2d 289 (La. 1993). Civil responsibility is imposed only if the act in violation of the statute is the legal cause of damage to another. *Id*. Accordingly, courts must conduct a duty/risk analysis. *BellSouth Telecommunications, Inc. v. Bennett Motor Exp., L.L.C.*, 13-438 (La. App. 5 Cir. 12/12/13), 131 So. 3d 236. This assumes a violation of a regulation or statute before

11

proceeding to the question of whether such violation was the legal cause of the accident. However, in the case *sub judice*, plaintiff has failed to show any specific mandatory regulations that defendants breached. As such, the negligence *per se* claim fails.

Defendants pointed out a sufficient deficiency in plaintiff's case in chief as it concerns the cause of the blowout and whether or not defendants knew or should have known of a defect in the tire. Furthermore, plaintiff failed to sufficiently rebut defendants' arguments and demonstrate that causation and constructive knowledge can be proven at trial. Though it is true that the risk of harm encountered by plaintiff falls within the scope of protection of the duty to regularly maintain one's tires, plaintiff failed to show that defendants' conduct was a substantial factor in bringing about plaintiff's harm.

As to plaintiff's motion, we find that there remain no genuine issues of material fact and that he failed to demonstrate sufficiently that causation can be proven at trial. Thus, the trial court's grant of defendants' motion for summary judgment and denial of plaintiff's motion for summary judgment was appropriate.

## CONCLUSION

For the foregoing reasons, we affirm. The costs of the appeal are assessed to the appellant.

**AFFIRMED.**