BROWN, Chief Judge.
_JjIn this workers’ compensation case, defendant, the State of Louisiana through the University of Louisiana at Monroe (“ULM”), filed this suspensive appeal from a ruling granting summary judgment in favor of claimant, Herman Slade. Slade answered the appeal, claiming error in the denial of attorney fees and penalties. For the following reasons, we AFFIRM.

Facts and Procedural History

There is no dispute that on June 13, 2006, claimant was injured within the course and scope of his employment as director of farm operations at ULM when he stepped in a hole with his right leg and hyperextended his left leg causing damage to his left knee. Thereafter, claimant had three surgeries on the left knee including a total knee replacement. He initially received supplemental earnings benefits (“SEB”) from July 1, 2006, until September 24, 2006. Thereafter, he received temporary total disability benefits[1] which ended on March 24, 2008, when claimant was released by his physician, Dr. Douglas Brown, to return to work.
While he was on workers’ compensation benefits, claimant’s employment was terminated. Claimant found work with Southern Seed Supply, but continued experiencing problems with his knees. It is undisputed that claimant was treated by Dr. Brown on multiple occasions. On January 2, 2009, Dr. Brown limited claimant’s work activities to 12medium-level, which caused him to be unable to perform all of the duties of his employment, which led to a decrease in his income.
Claimant made a claim for SEB from defendant on May 19, 2010, which was denied. On June 15, 2010, claimant initiated the instant proceedings with the Office of Workers’ Compensation for SEB and medical treatment to include his right knee. On September 3, 2010, claimant filed a motion for summary judgment. This motion was supported with his affidavit, employment documents and medical records. Defendant, relying on claimant’s filings, argued that there were genuine issues of material fact as to whether claimant was able to earn 90% of his pre-injury wage. The WCJ ruled from the bench, granting claimant’s request for medical evaluation of his right knee but denying his request for SEB.[2]
On December 14, 2010, claimant filed what was styled as a “Motion for a New Trial” pointing out an error of law concerning the burden of proof in the denial of the SEB portion of his motion for summary judgment. The WCJ granted the new trial motion, reversed its previous ruling denying SEB, and granted summary judgment in favor of the claimant, although the WCJ denied attorney fees and penalties. Thereafter, defendant timely filed the present appeal. Claimant answered the appeal seeking attorney fees and penalties.

Discussion

Three assignments of error are presented in this appeal. First and primarily, defendant argues that the WCJ erred pro-eedurally in reviewing its |sprior ruling denying summary judgment. In addition to the procedural flaw, defendant claims *466 that the WCJ’s ruling granting claimant’s motion for summary judgment was error because there exists a genuine issue of material fact as to whether claimant is able to earn above the statutorily defined level of 90% of his pre-injury average monthly wages. Finally, claimant in his answer to this appeal, contends that the WCJ’s ruling which denied penalties and attorney fees for nonpayment of SEB should be reversed.

Motion for a New Trial

Defendant argues that a motion for a new trial can only be taken from a final judgment and the denial of a motion for summary judgment is not a final judgment. Defendant contends that claimant’s only remedy from a denial of a motion for summary judgment is by supervisory writs to the court of appeal. Defendant cites Allstate Ins. Co. v. Mohamadian, 09-1126 (La.App. 1st Cir.02/17/10), 35 So.3d 1118, which was not a workers’ compensation case.
La. R.S. 23:1310.8(A) provides, in pertinent part:
The power and jurisdiction of the workers’ compensation judge over each case shall be continuing and he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified....
In Falgout v. Dealers Truck Equipment Co., 98-3150 (La.10/19/99), 748 So.2d 399, the supreme court stated:
Usually, once a judgment has become final and definitive, parties are bound by it, regardless of any future change of circumstances. See La. C. Civ. Pro. arts. 1841, 425. Workers’ compensation judgments, however, are treated differently from Lordinary judgments. This is due to the fact that if the rules of finality applied to ordinary civil judgments are applied to workers’ compensation judgments, the flexibility of the workers’ compensation system would be greatly restricted. Landreneau [v. Liberty Mut. Ins. Co.], 309 So.2d [283] at 284 [ (La.1975) ]. This court has recently reaffirmed the validity of this policy in holding that where the legislature has expressly provided that an award or judgment can be subject to a claim of modification res judicata does not apply. Jackson, 98-1810 p. 9, 732 So.2d at 524.
Falgout dealt with prescription but what was written is instructive:
Theoretically, then, under the concept of workers’ compensation, courts ought to exercise perpetual and unlimited jurisdiction to reopen cases as often as necessary to make- benefits meet current conditions. 8 Larson’s Workers’ Compensation Law § 81.10, at 1045 (1998). In Jackson, the court recognized that because the modification statute is to be liberally construed in favor of the claimant the principles of res judicata are at odds with the concept of modification in the workers’ compensation arena. 732 So.2d at 524.
When interpreting provisions of the Workers’ Compensation Act, the history and policy provisions of the workers’ compensation movement must be taken into account. Stelly v. Overhead Door Company of Baton Rouge, 94-0569 (La.12/08/94), 646 So.2d 905. The purpose of the Workers’ Compensation Act is to set up a court-administrated system to aid injured workmen by relatively informal and flexible proceedings that are to be interpreted liberally in favor of the workmen. Falgout, supra.
In this case, the WCJ considered that it made a legal error in denying claimant’s motion for summary judgment. Claimant pointed out this error through a filing cap *467 tioned “Motion for a New Trial.”[3] Defendant objected to the motion and the WCJ opined:
_[¿[T]he question that’s before me, again, on the motion for summary judgment— and I do find it appropriate to review it under [23:1310.8] and the court’s continuing jurisdiction ... I have to reverse my prior ruling in this case because of the absence of evidence presented by the defendant as to why there was a change in salary ...
Allstate Ins. Co. v. Mohamadian, supra, cited by defendant, was not a workers’ compensation case and is distinguishable from the case at hand.[4] We feel that workers’ compensation cases should be treated differently than cases in district court. We also note that if this court were to reverse the WCJ’s ruling and remand this case, claimant would still be free to re-urge his original motion for summary judgment.[5] Such a reversal by this court would not seem to meet the goals of the Workers’ Compensation Act by merely further delaying benefits to which claimant is entitled.

Motion for Summary Judgment

The purpose of SEB is to compensate the injured employee for the wage earning capacity he has lost as a result of his accident. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.07/01/97), 696 So.2d 551; Pinkins v. Cardinal Wholesale Supply, Inc., 619 So.2d 52 (La.1993). To qualify for SEB, a claimant is required to prove by a preponderance of the evidence that a work related injury resulted in the inability to earn 90% or more of the pre-injury wages. La. R.S. 23:1221(3)(a); Albert v. Trans-Met, Inc., 38,261 (La.App.2d Cir.06/23/04), 877 So.2d 183.
| r;In any week where the worker is unable to earn at least 90% of his pre-injury wages, SEB will be payable to him, for a maximum of 520 weeks. La. R.S. 23:1221(3)(d)(ii); Dufrene v. Video Co-Op, 02-1147 (La.04/09/03), 843 So.2d 1066. If the worker is able to earn his pre-injury salary in any given week, the employer will not owe SEB, but these weeks will not be counted toward the 520 week maximum time period. Id.
Initially, the employee bears the burden of proving by a preponderance of the evidence that the injury resulted in his inability to earn that amount under the facts and circumstances of the individual case. Banks, supra; Caparotti v. Shreveport Pirates Football Club, 33,570 (La.App.2d Cir.08/23/00), 768 So.2d 186, writ denied, 00-2947 (La.12/15/00), 777 So.2d 1230. Once the employee’s burden is met, the burden shifts to the employer who, in order to defeat the claim for SEB or establish the employee’s earning capacity, must prove by a preponderance of the evidence that the employee is physically able to perform a certain job and the job was offered to the employee, or was available in his or the employer’s community or reasonable geographic region. La. R.S. 23:1221(3)(c)(i); Banks, supra. Actual job placement is not required. Caparotti, supra.
*468 Appellate courts review summary judgment de novo, using the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Goins v. Wal-Mart Stores, Inc., 01-1136 (La.11/28/01), 800 So.2d 783; Mackey v. Jong’s Super Value No. 2, 41,440 (La.App.2d Cir.09/27/06), 940 So.2d 118. The summary judgment procedure |7is designed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). Summary judgments are favored under Louisiana law and shall be construed to meet these ends. Id.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Hines v. Garrett, 04-0806 (La.06/25/04), 876 So.2d 764. A fact is material when its existence or nonexistence may be essential to claimant’s cause of action under the applicable theory of recovery. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.07/05/94), 639 So.2d 730.
The party moving for summary judgment bears the initial burden of proving that no genuine issue of material fact exists and judgment is warranted as a matter of law.[6] Waste Management of Louisiana, L.L.C. v. Labor Finders Intern., 43,052 (La.App.2d Cir.02/27/08), 978 So.2d 1058. The adverse party to a motion for summary judgment may not rest on the allegations or denials of his or her pleading. La. C.C.P. art. 967(B). Once a motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Cyprien v. Board of Sup’rs ex rel. University of Louisiana System, 08-1067 (La.01/21/09), 5 So.3d 862; Wright v. Louisiana Power & Light, 06-1181 (La.03/09/07), 951 So.2d 1058.
In the instant case, claimant submitted a supporting affidavit with his motion for summary judgment. He reported that the work restrictions from Dr. Brown caused him to limit his work activities. He further affirmed that his left knee, and now his right knee as well, continues to interfere with his ability to work, and that he is unable to earn 90% of his pre-injury average monthly wages in his current employment due to the work restrictions.
Defendant argues that there exists a genuine issue of material fact as to whether or not claimant is entitled to SEB. Claimant’s pre-injury average monthly wage was $3,433.73, and 90% of this figure is $3,090.36. Claimant was required to submit a 1020 form each month showing his earnings. A review of some twenty 1020 forms reveals only three months where claimant earned more than 90% of his pre-injury wage. In March 2009, claimant earned $3,221.62; in April 2009, he earned, $3,995.55; and he earned $3,294.85 in May 2009. All other months reported, beginning in January 2009, show an income of significantly less than 90% of claimant’s pre-injury average monthly wages. Defendant contends that this fluctuation in wages earned shows that claimant has the ability to earn 90% or more of his pre-injury wages.
This court has held that mere speculation is not sufficient to defeat a motion for *469 summary judgment. Church v. Shrell, 43,-972 (La.App.2d Cir.01/21/09), 8 So.3d 70. Mere conclusory allegations, improbable inferences and unsupported speculation will not support a finding of genuine issue of | <,material fact. Id.; Sears v. Home Depot, USA, Inc., 06-0201 (La.App. 4th Cir.10/18/06), 943 So.2d 1219, writ denied, 06-2747 (La.01/26/07), 948 So.2d 168. Such allegations, inferences and speculation are insufficient to satisfy the opponent’s burden of proof. Id.
The 1020 forms submitted by claimant do not themselves create a fact issue as to whether claimant is entitled to benefits when considering the motion for summary judgment. Claimant explained the loss of wages through his supporting affidavit as being caused by his knee injury and resulting work restrictions. Defendant offered no evidence and relied solely on the 1020 forms submitted by claimant which show that for three months claimant earned more than 90% of his pre-injury wages, and thereafter returned to making well below the 90% threshold. For those weeks where claimant earned above the 90% threshold, defendant does not owe SEB, but those weeks are not counted towards the maximum period of 520 weeks of eligibility. Dufrene, supra. Defendant’s suggestion that the wage fluctuations occurred because of factors other than claimant’s knee injury is too specula-five and unsupported to warrant a denial of summary judgment. Therefore, we find the granting of summary judgment appropriate in this case.

PenaltieslAttorney Fees

Finally, claimant argues that the judgment of the WCJ should be amended to include penalties and attorney fees for nonpayment of SEB.[7] Louisiana law provides that installment benefits payable pursuant to R.S. |1023:1221(3) shall become due on the fourteenth day after the employer or insurer has knowledge of the compensable supplemental earnings benefits on which date all such compensation then due shall be paid. La. R.S. 23:1201(C). Claimant notes that the claim was properly submitted on May 19, 2010, for the period of January 2009 through March 2010. Thereafter, he submitted the appropriate 1020 forms monthly up to the present time. Claimant avers that payment was due fourteen days after May 19, 2010, and payments for succeeding months were due 14 days after the receipt of the 1020 form for that month.
Failure to provide payment of benefits will result in a penalty and attorney fees “unless the claim is reasonably controverted or if such non-payment results from conditions over which the employer or insurer had no control.”[8] La. R.S. *470 23:1201(F)(2); McCarroll v. Airport Shuttle Inc., 00-1123 (La.11/28/00), 773 So.2d 694; J.P. Morgan Chase v. Louis, 44,309 (La.App.2d Cir.05/13/09), 12 So.3d 440. The phrase “reasonably controverted” means that the defendant must have “some valid reason or evidence on which to base his denial of benefits.” Brown v. Tex.-LA Cartage Inc., 98-1063 (La.12/01/98), 721 So.2d 885, 891; J.P. Morgan Chase, supra.
Statutory provisions permitting the assessment of penalties and attorney fees for nonpayment of workers compensation benefits are penal in nature and must be strictly construed. Taylor v. Hollywood Casino, 41,196 (La.App.2d Cir.06/28/06), 935 So.2d 293; Lewis v. Chateau D'Arbonne Nurse Care Center, 38,394 (La.App. 2d Cir.04/07/04), 870 So.2d 515. Penalties should not be imposed in doubtful cases, where a bona fide dispute exists as to the claimant’s entitlement to benefits, and the mere fact that an employer loses a disputed claim is not determinative. J.E. Merit Constructors Inc. v. Hickman, 00-0943 (La.01/17/01), 776 So.2d 435; J.P. Morgan Chase, supra.
The WCJ has great discretion in awarding or denying penalties and attorney fees. Taylor, supra; Thomason v. Wal-Mart Stores Inc., 37,520 (La.App.2d Cir.09/04/03), 852 So.2d 1283, writ denied, 03-2774 (La.12/19/03), 861 So.2d 573. The WCJ’s decision concerning whether to assess statutory penalties and attorney fees will not be disturbed absent an abuse of discretion. Taylor, supra.
In this case, the WCJ denied attorney fees and penalties, ruling that defendant had reasonably controverted the claim. Defendant’s basis for denying benefits was the discrepancy in the amount and the timing of the fluctuation in claimant’s income. Specifically, the three consecutive months in which he earned above 90% of his pre-injury monthly average wages occurred after work restrictions were issued in January 2009. The WCJ | ^indicated that these issues created a valid reason to controvert the claim, noting that she originally denied the motion for summary judgment on the same grounds that defendant was controverting the claim. Claimant argues that defendant has not reasonably controverted the claim because it did not present any evidence to counter the factual and medical evidence he submitted. The fact that defendant ultimately lost in summary proceedings is not necessarily determinative as to whether there was a valid reason to initially dispute the claim. We cannot say the WCJ abused her great discretion in denying statutory penalties and attorney fees, and, therefore, we decline to reverse her decision.

Conclusion

For the reasons set forth above, the judgment of the trial court is affirmed. Costs are fully assessed against appellant, ULM, as allowed by law.
AFFIRMED.
MOORE, J., dissents and assigns written reasons.

. He was paid $454 per week based on an average wage of $792.40.

. Defendant does not argue on appeal that this partial grant of claimant’s motion for summary judgment was improper.

.It has long been recognized that a court will look to the import of a pleading, not be bound by the title. Every pleading is to be construed so as to do substantial justice. La. C.C.P art. 865. The articles of the Code of Civil Procedure are to construed liberally and to implement the substantive law and are not an end in themselves. La. C.C.P. art. 5051.

. We express no opinion on whether the Mo-hamadian opinion is correct.

. Even in Mohamadian, supra, the court recognized that the claimant could file a new motion for summary judgment with the trial court.

. This burden usually is carried by presenting supporting documents, such as pleadings, deposition, answers to interrogatories, admissions and affidavits that are sufficient to resolve all material factual issues.

. Mr. Slade requests the maximum allowable penalty of $8,000 and attorney fees of $15,000.

. La. R.S. 23:1201(F) provides, in pertinent part:
Failure to provide payment in accordance with this Section or failure to consent to the employee’s request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars.