LOLLEY, J.
| Jessie Scott, Jr., and Patricia Scott appeal a judgment by the First Judicial District Court, Parish of Caddo, State of Louisiana, granting a motion for summary judgment by the City of Shreveport (the “City”). For the following reasons, we affirm the trial court’s judgment.
Facts
In the late afternoon of April 13, 2011, Officer J.M. Bassett of the Shreveport Police Department was patrolling E. 72nd Street in Shreveport, Louisiana. He heard some loud music and determined that it was coming from a motorcycle parked at 251 E. 72nd. A large man, Jessie Scott, was dancing in the yard and working on his truck. Officer Bassett attempted to make contact with the man, who according to the officer, became hostile. The situation escalated, and Off. Bassett employed his Taser stun gun on Jessie, who fell to the ground. Jessie was handcuffed, placed into custody, and transported to the police station, where he complained of chest pain. The Shreveport Fire Department was summoned. After an examination, Jessie was taken to Louisiana State University Health Sciences Center (“LSUHSC”), where it was determined he was having a heart attack, and a heart catherization was performed.
Subsequently, Jessie and his wife, Patricia, filed suit against the City, claiming that it acted negligently and “[a]s á result of the prolonged tasing ... by Shreveport City Police officers, Mr. Scott suffered a heart attack.” Jessie sought compensatory damages for past and future medical expenses, past and future pain and suffering, and mental anguish. Patricia sought to recover damages for her loss of consortium.
|2In response, the City filed a motion for summary judgment, arguing that the Scotts failed to present any medical evidence showing a causal link between Jessie’s being tased by Off. Bassett and his subsequent heart attack. The trial court granted the City’s motion for summary judgment, dismissing the Scotts’ claims. This appeal ensued.
Discussion
On appeal, the Scotts urge that the trial court erred in granting summary judgment in favor of the City. The Scotts maintain that there exist material issues of fact that should preclude the grant of summary judgment in this case. According to the Scotts, whether Jessie’s heart attack was caused by the use of the Taser is a factual determination for the fact finder. The Scotts claim that a physician testified regarding Jessie’s heart condition prior to him being subdued by the Taser. They argue that the Taser caused arrhythmias, which contributed to or caused his heart *772 attack, and the causal link was established. We disagree.
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief sought by a litigant. Samaha v. Rau, 2007-1726 (La.02/26/08), 977 So.2d 880. Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The mover need not negate every essential element of the opponent’s claim, action or defense; he need only point out the absence of factual support for | sone or more essential elements. La. C.C.P. art. 966(C)(1). If the opponent then fails to produce sufficient support to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2); Babin v. Winn-Dixie La., 2000-0078 (La.06/30/00), 764 So.2d 37; Capital One, NA v. Walters, 47,157 (La.App. 2d Cir. 06/20/12), 94 So.3d 972. An adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or other appropriate summary judgment evidence, must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967(B); Samaha v. Rau, supra; Brooks v. Transamerica Financial Advisors, 45,833 (La.App. 2d Cir. 02/02/11), 57 So.3d 1153.
Appellate review of summary judgment is de novo, using the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Sensebe v. Canal Indem. Co., 2010-0703 (La.01/28/11), 58 So.3d 441.
In order to prevail in a negligence action, the plaintiff must show that (1) the conduct in question was a cause-in-fact of the resultant harm; (2) the defendant owed a duty to plaintiff; (3) the duty owed was breached; and (4) the risk or harm caused was within the scope of the breached duty. Mart v. Hill, 505 So.2d 1120 (La.1987); LUBA Cas. Ins. Co. v. Hygenic Corp., 47,395 (La.App. 2d Cir. 09/20/12), 131 So.3d 890, 893.
Generally, the outset determination in the duty-risk analysis is the cause-in-fact. Boykin v. Louisiana Transit Co., 1996-1932 (La.03/04/98), 707 So.2d 1225; Allums v. Parish of Lincoln, 44,304 (La.App. 2d Cir. 06/10/09), 15 So.3d 1117, writ denied, 2009-1938 (La.11/20/09), 25 So.3d 803. Cause-in-fact is a “but for” inquiry which tests whether the incident would or would not have happened but for the defendant’s conduct. Id.
In its motion for summary judgment, the City maintains that the Scotts failed to establish a causal link between the officer’s actions and Jessie’s heart attack, and a mere possibility that a causal relationship exists is insufficient to withstand a motion for summary judgment in the City’s favor. In reviewing the trial court’s judgment granting the City’s motion for summary judgment, we are posed with the question: did the Scotts produce sufficient support to establish they would be able to satisfy their evidentiary burden at trial? If they did not, there is no genuine issue of material fact. Here, the Scotts offer Jessie’s self-serving assertion that a doctor told him his heart attack was brought on as a result of Off. Bassett’s tasing. They also offer a copy of a 2012 article on a study by an Indiana University cardiologist suggesting that tasing “can trigger heart trouble.” Other than that, the Scotts offer no independent evidence to indicate that the tas-ing by Off. Bassett caused Jessie’s heart attack.
*773 The record includes excerpts from the deposition of Jai Varma, MD, the cardiologist who performed the heart catheterization on Jessie when he was admitted to LSUHSC with difficulty breathing. According to Dr. Varma, Jessie had the most severe kind of heart attack, caused by more than a 90% blockage of his right coronary artery. Specifically regarding the issue of whether electrical shocks to a person could cause a heart attack, Dr. Varma noted “[ejlectrical shock, as such, being a causative indicator for |sheart attack is not very clear.” Dr. Varma explained that an electrical shock could cause arrhythmias — where the heart suddenly starts beating very fast or very slowly. However, he continued to say that ar-rhythmias usually do not trigger a heart attack. Dr. Varma never státed that Jessie himself experienced an arrhythmia as a result of being tased, nor do Jessie’s medical records indicate such.[1]
This court has held that mere speculation is not sufficient to defeat a motion for summary judgment. Slade v. State ex rel. Univ. of La. at Monroe, 46,720 (La.App. 2d Cir. 11/09/11), 79 So.3d 463; Church v. Shrell, 43,972 (La.App. 2d Cir. 01/21/09), 8 So.3d 70. Mere conclusory allegations, improbable inferences and unsupported speculation will not support a finding of genuine issue of material fact. Slade, supra; Sears v. Home Depot, USA, Inc., 2006-0201 (La.App. 4th Cir. 10/18/06), 943 So.2d 1219, writ denied, 2006-2747 (La.01/26/07), 948 So.2d 168. Such allegations, inferences and speculation are insufficient to satisfy the opponent’s burden of proof. Id.
Although the cause-in-fact inquiry is a factual determination best made by the fact-finder, summary judgment may be appropriate when, as here, there is no evidence to show that the cause-in-fact inquiry has been met (i.e., the City’s actions caused Jessie’s heart attack). Here, the only evidence tending to show that the officer’s actions caused Jessie’s heart 1 fiattack is his self-serving claim that a doctor told him the tasing caused his heart attack. Dr. Varma was the physician who performed the heart catherization on Jessie, and his deposition testimony does not indicate that the tasing caused Jessie’s heart attack. In fact, according to the testimony by Dr. Varma we have before us, he is unclear as to whether tasing would be the sole cause of a heart attack, let alone Jessie’s. Dr. Varma’s testimony regarding any connection between the use of a Taser and heart attacks is speculative and inconclusive. Clearly, the Scotts failed to provide any evidence that was sufficient support to defeat the City’s motion for summary judgment, the granting of which was appropriate in this case.
Conclusion
For the foregoing reasons, the trial court’s judgment granting the motion for summary judgment by the City of Shreveport is affirmed. All costs of this appeal are assessed to Jessie Scott, Jr., and Patricia Scott.
AFFIRMED.

. Notably, the deposition testimony referred to herein was made part of the appeal record through excerpts of Dr. Varma’s deposition included with the Scotts’ opposition to motion for summary judgment. Although the City, in its reply to the opposition, makes reference to other testimony of Dr. Varma, that portion of the deposition was not attached to the City’s reply brief, nor was it admitted into evidence at the hearing on the motion. Therefore, although referred to in brief, we have not considered that portion of Dr. Varma’s deposition testimony that is not properly before us.