STEPHENS, J.
Sharon Johnson, plaintiff, appeals a judgment granting a motion for summary judgment filed by Lowe's Home Centers, L.L.C. ("Lowe's") and dismissing all claims by Johnson with prejudice. For the following reasons, we affirm the trial court's judgment.
FACTS AND PROCEDURAL HISTORY
In Johnson's petition, filed on April 25, 2017, Johnson alleged that her injuries were caused by the negligence of Lowe's and/or its employee. According to Johnson, Lowe's negligence was the proximate cause of her injuries and she has suffered substantial damage as a result. The specific facts set forth here are from Johnson's petition against Lowe's.
Johnson alleged that on May 4, 2016, she purchased a spark plug for her lawn mower from a Lowe's store located in Shreveport, Louisiana. According to Johnson, she was unsure of the precise spark plug she needed for her Briggs & Stratton Poulan Pro 450 lawn mower, so she asked a Lowe's sale associate for assistance. Johnson claimed that the associate researched the spark plug she needed for her mower, which she purchased; afterward, Johnson returned home and installed the part. Upon attempting to start her mower, Johnson claimed she pulled the cord with her right hand/arm, and the cable "jerked violently." The crank handle struck Johnson "violently" on her left arm, near the middle of the inside of her forearm. As a result, Johnson contended she experienced pain which "shot up [her] back into her neck and radiated down the right side of her body." When Johnson went to bed that night, her hands went numb, something she had never experienced before. Johnson claimed she went to her physician for the hand numbness, who advised "the injury made her preexisting and intermittent carpal tunnel syndrome systematic."
*1200 Lowe's answered Johnson's petition, denying all allegations made therein, and responded with several defenses, including the defense that Johnson's injuries were caused by her own negligence.
Ultimately, Lowe's filed a motion for summary judgment and attached, in support, excerpts from Johnson's deposition transcript and the affidavit of Stephen Cook, the equipment mechanic retained by Johnson. In its motion, Lowe's maintained that Johnson had failed to produce any evidence to establish Lowe's liability in this case, and there were no genuine issues of material fact. Specifically, Lowe's argued that since Johnson could not prove an essential element in the duty/risk analysis (i.e. , cause-in-fact), Lowe's was entitled to summary judgment.
After a hearing on the matter, the trial court granted Lowe's motion for summary judgment. This appeal by Johnson ensued.
DISCUSSION
On appeal, Johnson appears in proper person and contends, "MY STATEMENT OF THE CASE IS THERE ARE A LOT OF ERRORS!"[1] She emphasizes that a genuine issue of material fact exists as to whether Lowe's sold her the incorrect spark plug which may have subsequently been the cause of her injury. Lowe's responds that Johnson has presented no evidence to support her burden of proof-she offered no proof that her alleged injuries were caused by any alleged negligence by Lowe's. Therefore, Lowe's submits that the entire record reflects there are no genuine issues as to material fact, and it was entitled to judgment as a matter of law. As pointed out by Lowe's, under Louisiana's duty-risk analysis, Johnson would have the burden of proving five essential elements: duty, breach, cause-in-fact, legal cause, and damages. Lowe's claims that Johnson fails to prove that its action was cause-in-fact of her alleged damages. We agree.
Appellate courts review motions for summary judgment de novo , using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Peironnet v. Matador Res. Co. , 2012-2292 (La. 6/28/13), 144 So.3d 791 ; Bank of Am., N.A. v. Green , 52,044 (La. App. 2 Cir. 5/23/18), 249 So.3d 219.
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Bank of New York Mellon v. Smith , 2015-0530 (La. 10/14/15), 180 So.3d 1238. Summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2).
A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).
As stated in La. C.C.P. art. 966(D)(1) :
The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine *1201 issue of material fact or that the mover is not entitled to judgment as a matter of law.
Liability for negligence is determined by applying the duty/risk analysis. Bufkin v. Felipe's La., LLC , 2014-0288 (La. 10/15/14), 171 So.3d 851 ; James v. Eldorado Casino Shreveport Joint Venture , 51,707 (La. App. 2 Cir. 11/15/17), 245 So.3d 264, writ denied , 2017-2091 (La. 2/9/18), 236 So.3d 1266. The plaintiff must prove the defendant's conduct was the cause-in-fact of his harm, the defendant owed a duty of care, the defendant breached the duty, and the risk of harm was within the scope of protection afforded by the duty breached. Bufkin, supra ; James, supra. Under a duty/risk analysis, all four inquiries must be affirmatively answered for plaintiff to recover. James, supra at 268.
Here, the summary judgment evidence, viewed de novo , does not establish, as a matter of law, that Lowe's conduct was the cause-in-fact of Johnson's alleged injury. Primarily, Lowe's relies on Johnson's own allegations regarding that incident, which notably are based on nothing more than pure speculation. In her deposition she described the spark plug as "funny looking" and "different." However, despite that observation, Johnson "put it in [the lawn mower] anyway." When specifically asked whether the spark plug affected the mower's pull start to injure her, Johnson could only answer: "I think it's the spark plug.... Well, from the looks, yeah." Further, she expressed the following:
Q: And it was your I guess interpretation at the time that it was due to the wrong spark plug. Right?
Johnson: Yes.
Q: And that is only based on the way it looked at that time. Correct? ... At that time. Right?
Johnson: Well, that the only assumption I had right then.
Q: So you assume because it looked different that the spark plug was the wrong spark plug and that it caused this jolting of the pull start. Right?
Johnson: Yes.
* * * *
Q: And at that point in time, it was your assumption that that event occurred because of the spark plug.
Johnson: Right.
Q: And you base that assumption off of the way the spark plug looked. Correct?
Johnson: Well, basically, that and because of the way it reacted.
* * * *
Q: And your only assumption is based on the way that the spark plug looked is what I'm saying.
Johnson: Well, I think it was the wrong spark plug.
Q: And you think it was the wrong spark plug because of the way it looked. Correct?
Johnson: Yes.
Lowe's also looks to the affidavit of Stephen Cook, the equipment mechanic expert utilized by Johnson for the inspection of her lawn mower. Cook averred to be a mechanic with six years of experience. He stated that upon inspection of Johnson's lawn mower, he noted the following defects: "a bent blade along the crankshaft; ... lack of oil; ... a broken operator presence (OPC) cable; and ... a sheared fly wheel key." He specifically stated that those defects could have caused the incident described by Johnson. More importantly, he averred, "None of the above described defects were caused by or are related to the spark plug purchased from Lowe's or any other spark plug that was previously installed." Finally, he observed, "The event described by ...
*1202 Johnson that forms the basis of her lawsuit was not, and could not under any circumstances , be caused by a spark plug purchase and subsequent installation, regardless of the spark plug's compatibility." (Emphasis added.)
Clearly, considering the unrefuted evidence submitted at the trial court, Johnson lacks the factual support necessary to show that she would be able to meet the burden of proving the element of cause-in-fact at a trial. First, as articulated herein and easily seen, her allegations are not grounded in fact, but are merely speculative in nature. This court has held that mere speculation is not sufficient to defeat a motion for summary judgment. Scott v. City of Shreveport , 49,944 (La. App. 2 Cir. 6/24/15), 169 So.3d 770, writ denied , 2015-1438 (La. 10/9/15), 186 So.3d 1149 ; Slade v. State ex rel. Univ. of La. at Monroe , 46,720 (La. App. 2d Cir. 11/9/11), 79 So.3d 463 ; Church v. Shrell , 43,972 (La. App. 2d Cir. 1/21/09), 8 So.3d 70. Mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of genuine issue of material fact. Scott, supra ; Slade, supra . Such allegations, inferences, and speculation are insufficient to satisfy the opponent's burden of proof. Scott , supra ; Slade , supra . Although the cause-in-fact inquiry is a factual determination best made by the fact-finder, summary judgment may be appropriate when, as here, there is no evidence to show that the cause-in-fact inquiry has been met. See Scott, supra ; Slade, supra . Johnson did not produce any evidence, other than her speculative and conclusory allegations, that the alleged conduct by Lowe's was the cause-in-fact of her injury. We conclude such evidence is insufficient to support a finding that the spark plug was the cause-in-fact of her injury.
Second, Johnson's own expert conclusively stated that the spark plug could not have caused the incident she described in her petition. If the opposing party cannot produce any evidence to suggest that she will be able to meet her evidentiary burden at trial, no genuine issues of material fact exist. Here, Johnson failed to present a scintilla of evidence to oppose that of the only mechanic who inspected the lawn mower in question (notably the mechanic she procured), and no genuine issues of material fact are in dispute.
Therefore, as Johnson has failed to meet her burden of proof, we determine that there is no genuine issue of material fact concerning cause-in-fact, and Lowe's is entitled to judgment as a matter of law. Accordingly, the trial court was correct in granting the motion for summary judgment, and Johnson's arguments on appeal are without merit.
CONCLUSION
For the foregoing reasons, the trial court's judgment in favor of Lowe's Home Centers, L.L.C. is affirmed. All costs of this appeal are assessed to Sharon Johnson.
AFFIRMED.

Johnson was represented by legal counsel at the trial court.