| | | |
|---|---|---|
| MINDI MAPES AND DONALD MAPES, III, INDIVIDUALLY AND ON BEHALF OF THE DECEASED PATIENT, DONALD R. MAPES | * | NO. 2021-CA-0166 |
| | * | COURT OF APPEAL |
| | * | FOURTH CIRCUIT |
| VERSUS | * | STATE OF LOUISIANA |
| STATE OF LOUISIANA, THROUGH THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AGRICULTURAL AND MECHANICAL COLLEGE ON BEHALF OF LOUISIANA STATE UNIVERSITY HEALTH CARE SERVICES DIVISION; UNIVERISTY MEDICAL CENTER MANAGEMENT CORPORATION, ET AL. | * | |
| | * | |

* * * * * * *

**LOVE, C.J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent from the majority and would affirm the judgment of the trial court.

UMC's Motion for Summary Judgment asserted that Plaintiffs would be unable to meet their evidentiary burden at trial regarding causation. UMC's Motion for Summary Judgment was supported with the medical review panel opinion and the affidavit of Robert Baudauin attesting to the authenticity of the medical review panel opinion. Plaintiffs opposed the summary judgment with 1) UMC medical records, 2) excerpts from Dr. Jenna Jordan's deposition,[1] 3) EHCC records, 4) St. Elizabeth records, 5) Mr. Mapes' death certificate, and 6) the affidavit of Dr. James Lauridson. UMC then filed a reply, attaching additional portions of Dr. Jordan's deposition.

Plaintiffs contend that UMC is, at minimum, liable for loss of chance of survival. The loss of a better outcome "is not a separate cause of action distinct

_____
[1] She was a member of the medical review panel.

1

from a statutory malpractice claim." *Burchfield v. Wright*, 17-1488, pp. 10-11 (La. 6/27/18), 275 So. 3d 855, 863. "Under this theory of recovery, a plaintiff may carry his burden of proof by showing that the defendant's negligence was a substantial factor in depriving the patient of some chance of life, recovery, or, as in the instant case, a better outcome." *Id.*, 17-1488, p. 11, 275 So. 3d at 863. "The negligence need not be the only causative factor, but it must have increased the harm to the patient." *Id.* "Consequently, the plaintiff does not have to shoulder the burden of proving the patient would have survived if properly treated; he need only demonstrate the decedent had a chance of survival or recovery that was denied him as a result of the defendant's negligence." *Id.*

As to UMC, the medical review panel found the following:

> The panel finds that the medical record reflects that a nurse was told by the lab that the patient's platelet count was critically low. The nurse had an obligation to verbally report to the attending physician about that lab value, the nurse's failure to do so constitutes a breach of the standard of care. Otherwise, the nursing care was appropriate. It is unlikely that a verbal report would have changed the patient's outcome.

The medical review panel opinion does not support Plaintiffs' claims against UMC, as the panel found that a verbal report would have been "unlikely" to change the outcome, i.e., Mr. Mapes' death.[2] UMC pointed out the absence of evidence to support Plaintiffs' contentions that the alleged breach by UMC caused Mr. Mapes' death. UMC "was under no burden to present expert medical testimony in support of his motion for summary judgment to negate the plaintiffs' claim." *Samaha v. Rau*, 07-1726, p. 11 (La. 2/26/08), 977 So. 2d 880, 887. "[T]he burden" then "shifted to the plaintiffs to produce evidence sufficient to establish that they would be able to satisfy their evidentiary burden of proof at trial." *Id.*, 07-1726, pp. 11-12, 977 So. 2d at 887-88.

---

[2] Unlike the majority's characterization, I do not find that the MRP opinion "actually indicates that a verbal report quite possibly could have changed Mr. Mapes' result."

In the excerpts of Dr. Jordan's deposition provided by Plaintiffs, Dr. Jordan stated that she could not "say with certainty that - - that the outcome would have been different because, if the platelets were stable, and, you know, the plan was to follow up and repeat them later." She stated, "[p]roper assessment and sooner intervention would have provided a better chance, but I don't think necessarily it would have changed the outcome."

Dr. Lauridson, Plaintiffs' expert, stated in his affidavit that:

> Mr. Mapes had documented thrombocytopenia and prolonged coagulation times. I am familiar with the anatomic consequences of failing to treat these conditions. Had Mr. Mapes received treatment for these conditions, there was a greater chance than not, that he would not have suffered the fatal brain hemorrhage.

In response, UMC filed a reply, which included additional excerpts from Dr. Jordan's deposition. Therein, Dr. Jordan stated that the LSUHSC doctors would not have done anything differently treating Mr. Mapes regardless of whether the UMC nurse informed the doctor of the low platelet value. Dr. Jordan also noted that all of Mr. Mapes' reports accompanied him on return to EHCC. Lastly, Dr. Jordan stated that even if the UMC nurse did not report the low platelet value to the LSUHSC doctor, the LSUHSC doctors accessed Mr. Mapes' lab results numerous times and the alleged failure to report would not have changed Mr. Mapes' outcome.

UMC's Motion for Summary Judgment demonstrated that Plaintiffs lacked evidence that the alleged breach by UMC was causally related to Mr. Mapes' death. Likewise, the plaintiffs failed to present evidence that the alleged breach increased the harm to Mr. Mapes. Dr. Lauridson stated, in his affidavit, "[h]ad Mr. Mapes received treatment for these conditions, there was a greater chance than not, that he would not have suffered the fatal brain hemorrhage. However, the expert does not indicate how UMC played a role, i.e., the expert does not state that

3

UMC's alleged breach caused Mr. Mapes' death or decreased his chances of survival. Specifically, the Plaintiffs presented no evidence that the UMC nurse's alleged failure to notify the LSUHSC doctor of the low platelet value either contributed to or caused Mr. Mapes' death.[3]

"'Mere speculation will not defeat a motion for summary judgment, and conclusory allegations, improbable inferences, and unsupported speculation are insufficient to support a finding that a genuine issue of material fact exists.'" *Jordan v. Cmty. Care Hosp.*, 19-0039, p. 17 (La. App. 4 Cir. 7/24/19), 276 So. 3d 564, 579 (quoting *Kinch v. Our Lady of Lourdes Reg'l Med. Ctr.*, 15-0603, pp. 7-8 (La. App. 3 Cir. 12/9/15), 181 So. 3d 900, 905 (citing Scott v. City of Shreveport, 49,944 (La. App. 2 Cir. 6/24/15), 169 So.3d 770)). Further, argument of counsel, no matter how artful, does not constitute evidence. *In re Melancon*, 05-1702, p. 7 (La. 7/10/06), 935 So. 2d 661, 666 ("Arguments and pleadings are not evidence").

As such, I find that once UMC shifted the burden on summary judgment that Plaintiffs lacked evidence of causation, Plaintiffs failed to present evidence sufficient to establish that they would be able to meet their evidentiary burden at trial. Thus, the trial court did not err by granting UMC's Motion for Summary Judgment and I would affirm the judgment of the trial court.

---

[3] I do not comment on the validity of Plaintiffs' assertions against UMC, only that the evidence presented was insufficient to defeat UMC's Motion for Summary Judgment.

4