Judgment rendered December 17, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,689-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

JAMES CARNEZ BURNS                              Plaintiff-Appellee

versus

LOOMIS ARMORED US, LLC,                         Defendants-Appellants
LAVETTE DOOLEY GAY, ARCH
INSURANCE COMPANY

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 644,046

Honorable Ramon Lafitte, Judge

* * * * *

TRINCHARD & TRINCHARD, LLC          Counsel for
By: James L. Trinchard              Defendants-Appellants
    Clare Trinchard

HOY ROBERT HUGHES

JJC LAW, LLC                        Counsel for
By: Jeffrey P. Green                Plaintiff-Appellee,
    Cayce C. Peterson              James Carnez Burns

SIMON, PERAGINE,                    Counsel for
SMITH & REDFEARN, LLP               Third Party-Appellee,
By: Milton Davis Ready              Asphalt Transport, Inc.
    Ashlyn Faith Vickers

* * * * *

Before THOMPSON, ROBINSON, and HUNTER, JJ.

**HUNTER, J.**

Defendant and plaintiff in reconvention and third-party demand, Loomis Armored US, LLC, appeals a district court judgment granting a motion for summary judgment filed by defendants in reconvention and third-party demand, Asphalt Transit, Inc. and James Carnez Burns. For the following reasons, we affirm.

### FACTS

On September 2, 2022, an accident occurred near the Pines Road exit of Interstate 20 in Shreveport, Louisiana. The exit comprises of four lanes, including three lanes of travel and one exit lane. One of the vehicles involved in the accident was an armored truck owned by defendant/third-party plaintiff, Loomis Armored US, LLC ("Loomis"); the other vehicle was a Peterbilt semi-truck owned by third-party defendant, Asphalt Transit, Inc. ("ATI"). The Loomis truck was operated by defendant/third-party plaintiff, Lavette Dooley Gay, and was insured by defendant/third-party plaintiff, Arch Insurance Company ("Arch"). The ATI truck was operated by plaintiff, James Carnez Burns.

Both vehicles were equipped with dash cameras which depicted the events leading up to the accident and the accident itself. The dashcam footage showed plaintiff was driving the ATI truck in the center lane, and Gay was driving the Loomis truck in the right lane. The Loomis truck entered lane of travel of the ATI truck, perpendicular to the ATI vehicle. According to Loomis, an unidentified vehicle entered Gay's lane of travel, causing her to swerve and lose control of the vehicle. Plaintiff applied his brakes and swerved to the left to avoid a collision. However, despite plaintiff's efforts, the two vehicles collided. A Loomis employee, Michael

Digilormo, was riding in the back of the Loomis truck but was unable to see the accident or the events leading up to it.

On May 22, 2023, plaintiff filed a lawsuit against Loomis, Gay, and Arch (collectively "Loomis"). Plaintiff alleged he was operating the vehicle, and Gay "lost control of her truck sending her into the left lane, causing a collision with Plaintiff." Plaintiff further alleged that Gay was solely at fault because she (1) failed to maintain reasonable vigilance; (2) failed to see what she should have seen; (3) operated a vehicle in a careless and reckless manner; (4) failed to maintain control of her vehicle; (5) caused a wreck by crashing into the vehicle on the side of her; (6) failed to avoid a collision when she had the last clear chance and opportunity to do so, or take evasive measures; (7) negligent injuring; (8) driving in an inattentive or distracted manner; and (9) being an unskilled, irresponsible vehicle operator. Plaintiff further alleged Loomis was vicariously liable for the acts of Gay.

Subsequently, on July 5, 2023, Loomis filed an answer and reconventional and third-party demand against Burns and ATI. In its reconventional/third-party demand, Loomis alleged the accident "was caused solely by the fault of [Burns] and/or third parties actions and omissions for whom these defendants are not responsible[.]" More specifically, Loomis alleged Burns committed the following acts of negligence: (1) failure to see what he should have seen; (2) failure to take proper evasive measures; (3) failure to maintain control of his vehicle; (4) traveling at an excessive rate of speed under the circumstances; (5) failure to avoid the collision when he had the last clear chance and opportunity to do so, or take evasive measures; (6) failure to observe the rules and regulations governing traveling between lanes; and (7) violation of La. R.S. 32:71 by

2

operating his vehicle improperly in the left lane. Loomis further alleged that in the event damages are awarded to plaintiff, Burns, then Loomis and Gay "are entitled to a proportionate reduction of same due to the comparative fault of [Burns] and/or third parties."[1]

On December 6, 2024, ATI filed a motion for summary judgment seeking dismissal of the third-party demand. In support of its motion, ATI attached a list of "undisputed material facts," a list of "essential legal elements," and the affidavit of Wesley Pick, a safety supervisor employed by ATI.[2] The dashcam footage was attached as an exhibit to the affidavit. ATI argued as follows:

> The dashcam footage depicts the ATI vehicle proceeding in the middle lane below the speed limit while the Loomis vehicle is traveling in the right lane.
>
> Within two seconds, the Loomis vehicle begins to swerve into the middle lane and contact occurs between the two vehicles. In the two seconds Burns had to react to the Loomis vehicle, he took evasive action by braking and swerving to the left lane to avoid contract from the Loomis vehicle. However, the accident could not be avoided due to the Loomis vehicle's perpendicular path of travel across two lanes of the Interstate and the shoulder.
>
> ***
>
> The facts and evidence are straightforward in this case: (1) video shows that the Loomis armored vehicle cut across several lanes directly into the path of ATI tractor trailer; and (2) the witness testimony corroborates the video. The accident was substantial and 100% caused by the fault of Loomis and Gay for turning in front of Burns on the Interstate. Nothing Burns did caused or contributed to Gay losing control of the Loomis vehicle and entering an occupied lane of travel. There is no plausible allegation or argument which supports a cause of action in favor of Loomis against either ATI or Burns.
>
> ***

---

[1] Subsequently, Loomis filed identical direct negligence claims against ATI. Plaintiff filed an amended petition which asserted direct negligence claims against Loomis.

[2] In the affidavit, Pick attested he "personally viewed the dashcam footage from the vehicle driven by Burns on September 2, 2022," and he "has not altered, modified, changed, or otherwise tampered with the video in any way."

3

(Footnotes omitted).

Loomis filed an opposition to the motion for summary judgment. Loomis argued ATI's motion was "based solely upon a dash cam video of 15 seconds with emphasis on the last 2 seconds prior to impact, and on witnesses who he fails to identify or provide any relevant testimony who allegedly corroborate same." According to Loomis, the motion for summary judgment should be denied because "Burns was traveling at an excessive rate of speed *** up to 57 mph in heavy rain, with inability to see well on a very slippery road surface."

In opposition to the motion, Loomis introduced into evidence provisions from the Louisiana Commercial Driver's License Manual and the Texas Department of Public Safety Commercial Motor Vehicle Drivers Handbook. Both manuals contain the following provision:

> Slippery Surfaces. It will take longer to stop; and it will be harder to turn without skidding, when the road is slippery. Wet roads can double stopping distance. You must drive slower to be able to stop in the same distance as on a dry road. Reduce speed by about one-third (e.g., slow from 55 to about 35 mph) on a wet road. ***

Following a hearing, the district court granted ATI's motion for summary judgment and dismissed the claims against it with prejudice. The court stated:

> Based on the Court's review of the motion, opposition, the attachments, the Court will grant the motion for summary judgment as the Court is of the belief that, of course, the video shows th[at] there was nothing Mr. Burns could have done in those two seconds. He tried to swerve and avoid the Loomis vehicle, but he was unable to do so. I don't think he – the speed that he was traveling, he was not actually speeding.

Loomis appeals.

4

**DISCUSSION**

Loomis contends the district court erred in granting ATI's motion for summary judgment. It argues the court relied, almost exclusively, on the dashcam footage of the accident. According to Loomis, the following genuine issues of material fact preclude summary judgment: (1) pursuant to Texas and Louisiana commercial driving laws, plaintiff was required to reduce his speed by one-third due to the wet conditions of the roadway;[3] and (2) plaintiff admitted to a police officer that he saw the other vehicle enter the lane of the Loomis truck; therefore, he was negligent because he failed to slow down and avoid the accident. Loomis also argues the district court relied heavily on the dash camera footage and impermissibly weighed evidence. According to Loomis, because genuine issues of material fact exist as to plaintiff's negligence, the district court erred in granting summary judgment and dismissing the claims against ATI, plaintiff's employer.

Appellate courts review motions for summary judgment *de novo*, using the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Peironnet v. Matador Res. Co.*, 12-2292 (La. 6/28/13), 144 So. 3d 791; *Bess v. Graphic Packaging Int'l, Inc.*, 54,111 (La. App. 2 Cir. 11/17/21), 331 So. 3d 490; *Shields v. McInnis Bros. Constr., Inc.*, 53,581 (La. App. 2 Cir. 3/3/21), 314 So. 3d 1079. A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all, or part of the relief prayed for by a litigant. *Schultz v. Guoth*, 10-0343 (La. 1/19/11), 57 So. 3d 1002; *Bess*,

---

[3] Plaintiff's commercial driver's license was issued in Texas.

5

*supra*. The procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2).

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Maggio v. Parker*, 17-1112 (La. 6/27/18), 250 So. 3d 874; *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14), 144 So. 3d 876, *cert. denied*, 574 U.S. 869, 135 S. Ct. 197, 190 L. Ed. 2d 130 (2014); *Bess*, *supra*. In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. *Bess*, *supra*; *Chanler v. Jamestown Ins. Co.*, 51,320 (La. App. 2 Cir. 5/17/17), 223 So. 3d 614, *writ denied*, 17-01251 (La. 10/27/17), 228 So. 3d 1230; *Marioneaux v. Marioneaux*, 52,212 (La. App. 2 Cir. 8/15/18), 254 So. 3d 13.

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce

6

factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1); *Bess*, *supra*; *Doerle Food Servs., L.L.C. v. River Valley Foods, L.L.C.*, 52,601 (La. App. 2 Cir. 5/22/19), 273 So. 3d 656, *writ denied*, 19-01188 (La. 10/15/19), 280 So. 3d 602; *Collins v. Hill*, 52,457 (La. App. 2 Cir. 2/27/19), 265 So. 3d 1202.

Under the duty/risk analysis, the plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); and, (5) proof of actual damages (the damages element). *Farrell v. Circle K Stores, Inc.*, 22-00849 (La. 3/17/23), 359 So. 3d 467; *Malta v. Herbert S. Hiller Corp.*, 21-209 (La. 10/10/21), 333 So. 3d 384. If the plaintiff fails to prove any one element by a preponderance of the evidence, the defendant is not liable. *Id*.

A presumption of negligence arises when a driver leaves his own lane of traffic and strikes another vehicle. A motorist has a duty to maintain control of his vehicle, even in rainy weather. *Shephard on Behalf of Shepard v. Scheeler*, 96-1690 (La. 10/21/97), 701 So. 2d 1308; *Ferrell v. Fireman's Fund Ins. Co.*, 94-1252 (La. 2/20/95), 650 So. 2d 742.

At trial, Loomis would bear the burden of proving the elements of their claims against ATI and Burns. Therefore, for ATI and Burns to prevail on summary judgment, they were required to show an absence of factual support for any essential elements of Loomis' cause of action.

7

In her deposition, Gay admitted she that she "steered a little bit, so it was in [Burns'] lane of travel." Gay stated that she entered the lane in which Burns was driving to "avoid hitting the driver that was in front of me," and there was no other action she could have taken. Gay explained, "It was pouring down raining," and she was driving a "top-heavy vehicle."

In his deposition, Burns testified that it had just begun to rain heavily when he merged onto the interstate, and the accident occurred shortly thereafter. He stated he was driving on the interstate in the middle behind the Loomis truck. When he saw the truck enter his lane of travel, he moved over into the left lane. Burns also stated he saw the driver of the Loomis truck lose control of the vehicle. He stated he was unable to recall whether he applied his brakes; however, he recalled that he "let off the gas pedal," and he had both hands on the steering wheel.

According to the Uniform Crash Report introduced into evidence, Burns told the police officer that "a car had cut the Loomis truck *** off and caused [the Loomis truck] to lose control swerving into the left lane." The report also indicated Gay told the officer that "she had been cut off by a car and lost control due to the rain."

According to Loomis, had Burns been traveling at a rate of one-third of the posted speed limit, he would have had sufficient time and space to react to Gay's act of swerving into his lane of travel. The undisputed evidence of record reveals that an unidentified vehicle swerved into Gay's lane of travel, and Gay swerved to avoid colliding with the other vehicle. Unfortunately, Gay, instead, entered Burns' lane of travel, causing the ATI truck to collide with the Loomis truck. ATI and Burns, as the parties moving for summary judgment, satisfied their initial burden of proving that

8

there are no genuine issues of material fact remaining, and they are entitled to judgment as a matter of law.

Conversely, other than conclusory and unsubstantiated statements made in petitions and briefs, Loomis presented no evidence to show negligence on the part of Burns. The record is devoid of any evidence to contradict the evidence or to establish that, but for Burns' failure to slow his vehicle to one-third the posted speed limit, the accident would not have occurred. The evidence submitted does not support the allegation that Burns' actions and/or inactions caused or contributed to the accident, or that he could have avoided the accident but failed to do so. It is well-established, "Mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of genuine issue of material fact." *Johnson v. Lowe's Home Centers, LLC*, 52,602 (La. App. 2 Cir. 4/10/19), 267 So. 3d 1198; *Scott v. City of Shreveport*, 49,944 (La. App. 2 Cir. 6/24/15), 169 So. 3d 770, *writ denied*, 15-1438 (La. 10/9/15), 186 So. 3d 1149; *Slade v. State ex rel. Univ. of La. at Monroe*, 46,720 (La. App. 2 Cir. 11/9/11), 79 So. 3d 463. Such allegations, inferences, and speculation are insufficient to satisfy the opponent's burden of proof. *Id*. Although the cause-in-fact inquiry is a factual determination best made by the fact-finder, summary judgment may be appropriate when, as here, there is no evidence to show that the cause-in-fact inquiry has been met. *Id*.

Herein, because the Loomis defendants failed to provide any factual evidence of Burns' negligence sufficient to establish that they will be able to meet their burden of proof at trial, summary judgment was properly granted. Moreover, based on the record before us, we do not find, as Loomis asserts, that the district court impermissibly weighed the evidence, made improper

credibility determinations, or improperly relied on the dashcam footage to reach its conclusion regarding the motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the district court judgment granting summary judgment in favor of third-party defendants, Asphalt Transit, Inc. and James Carnez Burns, is affirmed.  Costs of the appeal are assessed to defendants and third-party plaintiffs, Loomis Armored US, LLC.

**AFFIRMED.**