McDonald, j.
 

 | ?In December of 2006, Rebecca Waldrop and Eric Miller were each renting one townhouse in a four-townhouse building located on East Riverdale Road in Baton Rouge. One of the townhouses in the building was owned by Dr. Habib Moha-madian, who rented it to a tenant. On
 
 *1119
 
 December 14, 2006, Dr. Mohamadian had his townhouse’s HVAC system serviced by Lamb’s Repair Service, L.L.C., which replaced two burned supply lines/heating coils in the system.
 

 On December 23, 2006, a fire occurred at the four-unit building, and after an investigation, the East Baton Rouge Parish Fire Department determined that the fire originated at the HVAC unit located in the attic of Dr. Mohamadian’s townhouse. Ms. Waldrop and Mr. Miller both had renter’s insurance policies with Allstate Insurance Company (Allstate); both filed claims with Allstate, and both were paid for their damages.
 

 Allstate, as the subrogee of Ms. Waldrop and Mr. Miller, then filed suit against Dr. Mohamadian, ABC Insurance Company (his insurer), Lamb’s Repair Service, L.L.C., XYZ Insurance Company (its insurer), DEF Manufacturing Company (manufacturer of the HVAC system and the parts used by Lamb’s Repair Service), and GHI Insurance Company (the manufacturer’s insurer), asserting that Dr. Mo-hamadian, his agents, and employees breached their duty by negligently maintaining the townhouse and by negligently installing and maintaining the HVAC system. In the alternative, Allstate asserted that Lamb’s Repair Service and its agents and employees breached their duty by negligently performing the HVAC repair work; and also in the alternative, Allstate asserted that DEF and its agents and employees negligently designed and manufactured the HVAC system and parts. Allstate asserted that it had suffered damages in the amount of $142,911.40, plus Ms. Waldrop and Mr. Miller had each paid a $500.00 deductible under their | (¡policies. Allstate prayed for payment of its damages, together with costs and legal interest.
 

 Lamb’s Repair Service answered the petition with a general denial and asserted that any negligence or fault on the part of third parties, for which Lamb’s Repair Service was not responsible, would diminish the plaintiffs recovery. Lamb’s Repair Service further asserted that if one or more parties had failed to preserve and spoliated the evidence, that would bar recovery. It also claimed credit for any money paid or available from insurance or income in kind and prayed for judgment in its favor.
 

 Thereafter, Dr. Mohamadian filed a motion for summary judgment, asserting that there was no genuine issue of material fact that the East Baton Rouge Parish Fire Department report stated that the fire originated in the area of the air conditioning unit, but not how or why; that it did not find that anyone did something they should not have done or failed to do something they should have done, nor did it suggest what could have been done to prevent the fire; and that the factors contributing to the ignition were found to be “none” and “undetermined.” Dr. Moha-madian asserted that the report by Allstate’s fire investigator, Mervin A. Stringer, stated that the specific cause of the fire and the source of ignition were undetermined. Thus, again, the report did not find something that anyone should not have done or failed to do, nor did it suggest what could have been done to prevent the fire.
 

 Dr. Mohamadian asserted that Allstate could not produce factual support sufficient to establish that it could satisfy its evidentiary burden of proof at trial that Dr. Mohamadian was negligent; that
 
 res ipsa loquitor
 
 did not apply where direct evidence was available; that there was no spoliation of evidence by Dr. Mohamadian, as two investigations were done of the fire, and cleanup work was not begun until six
 
 *1120
 
 weeks after the fire. Therefore, there was no genuine issue of |4material fact, and the motion for summary judgment should be granted dismissing Allstate’s claim with prejudice.
 

 Lamb’s Repair Service and its insurer, Colony Insurance Company, also filed a motion for summary judgment, asserting that on December 14, 2006, Dr. Mohamadi-an had called Willard Jerome Lamb, the owner of Lamb’s Repair Service, who was certified in air conditioning and heating repair, and advised that the heating system at his townhouse was not working. Mr. Lamb investigated and discovered that the breaker had tripped and that one of the supply lines needed to be replaced. Mr. Lamb replaced the supply line and checked the system, using an amp meter. Lamb’s Repair Service asserted that if it had installed the supply line improperly, the breaker would have tripped, and the amp meter would have demonstrated it was not working properly. However, this did not happen. Thus, the system was in proper working order when Mr. Lamb completed the job. Lamb’s Repair Service asserted that while Allstate alleged that it failed to use reasonable care in replacing and installing the HVAC unit, Allstate had no factual support sufficient to satisfy its evidentiary burden of proof at trial, and
 
 res ipsa loquitor
 
 did not apply to establish liability on the part of Lamb’s Repair Service. Thus, there was no genuine issue of material fact, and as a matter of law, Lamb’s Repair Service was entitled to a summary judgment dismissing Allstate’s claims.
 

 On May 1, 2008, Allstate dismissed its claims against Dr. Mohamadian.
 
 [1]
 
 On July 11, 2008, the trial court denied the motion for summary judgment filed by Lamb’s Repair Service and Colony Insurance Company. On July 16, 2008, Lamb’s Repair Service and Colony Insurance Company filed a motion and order for written findings of fact and reasons for judgment. Thereafter, the trial court set|fithe request for written reasons for a contradictory hearing on August 11, 2008. The hearing was passed without date.
 

 On November 18, 2008, Lamb’s Repair Service filed a “MOTION FOR NEW TRIAL AND/OR RECONSIDERATION OF PREVIOUSLY FILED MOTION FOR SUMMARY JUDGMENT; ALTERNATIVELY, MOTION TO SET ASIDE OR RECALL THE JUDGMENT SIGNED JULY 10, 2008.”
 
 [2]
 
 In its motion, Lamb’s Repair Service stated:
 

 1.
 

 Lamb’s Repair Service, LLC filed a Motion for Summary Judgment on liability on April 9, 2008 which was heard on May 19, 2008. At the conclusion of oral argument, the Court initially granted this Motion for Summary Judgment. At the urging of counsel for Allstate Insurance Company, the Motion for Summary Judgment was then taken under advisement. On June 30, 2008, a Minute Entry was faxed to us denying the Motion for Summary Judgment without reasons. A Judgment was signed on July 10, 2008.
 

 2.
 

 A Motion and Order for Written Findings of Fact and Reasons for Judgment was filed pursuant to Louisiana Code of Civil Procedure article 1917 on July 16, 2008. On July 22, 2008, Your Honor scheduled a contradictory hearing relative to our Motion for Written Findings
 
 *1121
 
 of Fact and Reasons for Judgment, said hearing being scheduled on August 11, 2008. On July 30, 2008, the only other party, Allstate Insurance Company, through its attorneys, Charles E. Reilly and Joshua M. Hudson, filed a formal Memorandum advising the Court that Allstate Insurance Company had no opposition to our Motion and Order for Written Findings of Fact and Reasons for Judgment. Accordingly, Allstate Insurance Company’s attorney and I concluded that there was no reason to have a contradictory hearing. To date, we have received no written findings of fact or reasons for judgment.
 

 3.
 

 On November 10, 2008, the Court was contacted to find out when written findings of fact and reasons for judgment could be expected. Undersigned counsel was instructed by Your Honor’s Judicial Assistant, Ms. Eileen Knight, to file this Motion for New Trial and/or Reconsideration relative to Lamb’s Repair Service, LLC’s previously filed Motion for Summary Judgment.
 

 | (¡Allstate filed an opposition to the motion for new trial,
 
 [3]
 
 asserting that the motion was untimely, as La. C.C.P. art. 1974 provided a seven-day delay to file a motion for new trial, and four months had passed between the trial court’s judgment denying the motion for summary judgment and Lamb’s Repair Service’s filing of a motion for new trial. After a hearing, the trial court granted Lamb’s Repair Service’s motion for new trial and signed a judgment on December 31, 2008, granting Lamb’s Repair Service’s motion for summary judgment. Allstate is appealing that judgment, asserting that the trial court erred in granting the motion for summary judgment in favor of Lamb’s Repair Service.
 

 ANALYSIS
 

 A motion for new trial can be taken from a final judgment. The denial of a motion for summary judgment is not a final judgment.
 
 Clement v. American Motorists Insurance Company,
 
 98-504 (La.App. 3 Cir. 2/3/99), 735 So.2d 670, 672,
 
 writ denied,
 
 99-0603 (La.4/23/99), 742 So.2d 886. The denial of a motion for summary judgment is an interlocutory judgment that is not appealable. La. C.C.P. art. 968;
 
 Ascension School Employees Credit Union v. Provost Salter Harper & Alford, L.L.C.,
 
 06-0992 (La.App. 1 Cir. 3/23/07), 960 So.2d 939, 940. The denial of a motion for summary judgment is reviewable by supervisory writ.
 
 See Clement v. American Motorists Insurance Company,
 
 98-504, 735 So.2d at 671-72.
 

 Thus, if Lamb’s Repair Service sought review of the denial of its motion for summary judgment, rather than filing a motion for new trial, it should have filed an application for supervisory writs. We find that the trial court committed legal error in granting Lamb’s Repair Service’s motion for new trial and then granting its [./motion for summary judgment. Thus, we reverse the trial court judgment granting Lamb’s Repair Service’s motion for new trial and its motion for summary judgment, and we remand the case to the trial court.
 
 [4]
 
 Costs
 
 *1122
 
 are assessed against Lamb’s Repair Service.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . Although this judgment lacks decretal language, that issue is not before the court on appeal.
 

 [2]
 

 . This judgment was signed July 11, 2008.
 

 [3]
 

 . We note that the Louisiana Code of Civil Procedure has no provisions for a "Motion to Reconsider.” The proper designation when seeking reconsideration of a judgment is a "Motion for New Trial.”
 
 See
 
 La. C.C.P. arts. 1971-1979;
 
 Boudreaux v. Mid-Continent Casualty Co.,
 
 05-2453 (La.App. 1 Cir. 11/3/06), 950 So.2d 839, 842 n. 4,
 
 writ denied,
 
 06-2775 (La.1/26/07), 948 So.2d 171.
 

 [4]
 

 . We note that Lamb's Repair Service can file a new motion for summary judgment with the trial court.