**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2022 CA 0268

DANIELLE'S LEGACY, L.L.C.

VERSUS

CARING ANGELS CONNECTION, INC., D/B/A CARING ANGELS
CONNECTIONS, HENRY DAVISON, AND WANDA DAVISON

Judgment rendered___**DEC 2 9 2022**___

* * * * *

On Appeal from the
19TH Judicial District Court
East Baton Rouge Parish
State of Louisiana
No. C663375

Judge Donald Johnson, Presiding

* * * * *

George W. Britton, III
Louis G. Scott
Monroe, Louisiana

Attorneys for Appellants/Defendants
Caring Angels Connection, Inc., d/b/a
Caring Angels Connections, Henry
Davison, and D.F.A., L.L.C.

Glen R. Petersen
Baton Rouge, Louisiana

Attorney for Appellee/Plaintiff
Danielle's Legacy, L.L.C.

* * * * *

**BEFORE: McDONALD, McCLENDON, AND HOLDRIDGE, JJ.**

McClendon J.

PMc, concurs

McDonald, J. concurs

**HOLDRIDGE, J.**

Defendant, D.F.A., L.L.C., appeals a summary judgment entered in favor of plaintiff, Danielle's Legacy, L.L.C. We reverse and remand.

## DISCUSSION

Plaintiff is an entity that contracts with Medicaid medical providers who have not been paid by the state program to assist the providers in recovering funds owed to them by the Louisiana Medicaid Program. Plaintiff filed this breach of contract lawsuit against Caring Angels Connection, Inc., d/b/a Caring Angels Connections (Caring Angels), Henry Davison, and D.F.A., L.L.C, also doing business as Caring Angels Connections (D.F.A.)[1] Plaintiff alleged that it entered into a contract with Caring Angels on September 26, 2017, which provided for a one-third contingency fee to be paid to plaintiff in connection with any funds plaintiff successfully recovered for Caring Angels. Plaintiff further alleged that Mr. Davison, the purported owner of Caring Angels, signed the contract on behalf of D.F.A. According to plaintiff, as a result of its efforts, the sum of $69,383.32 was recovered for Caring Angels and was paid to D.F.A. On October 2, 2017, plaintiff sent Caring Angels an invoice in the amount of $23,127.77 representing the amount it claimed it was owed by virtue of the one-third contingency contract. However, D.F.A. and its owner, Mr. Davison, refused to pay the amount allegedly owed to plaintiff in accordance with the terms of the contract. In this lawsuit, plaintiff sought to recover $23,127.77, reasonable attorney's fees, costs, and interest from D.F.A. and Mr. Davison.

An answer was filed by the defendants, and D.F.A. filed a peremptory exception raising the objection of no right of action. Therein, D.F.A. submitted that to the extent the contract legally existed, plaintiff had no right of action against

---

[1] Plaintiff originally named Wanda Davison as a party defendant but later stipulated to her dismissal. Further, although D.F.A. was not named in the original petition, plaintiff later filed an amending petition adding D.F.A. as a party defendant.

2

D.F.A. because it was not a party to the contract in question, nor was it even mentioned in the contract. Additionally, D.FA. asked that the contract be declared null and void, urging that the contract was obtained by fraud, duress, and mistakes caused by plaintiff's agents.

On August 8, 2019, plaintiff filed a motion for summary judgment seeking judgment in the amount of $23,127.77, legal interest from the date of the demand, and costs of the proceedings. Plaintiff submitted evidence in support of the motion. In opposition to the motion for summary judgment, the defendants contested the admissibility of plaintiff's evidence and also submitted evidence in opposition to the motion.[2]

On March 1, 2021, the trial court entered judgment denying plaintiff's motion for summary judgment. Plaintiff requested that the court file reasons for denying the motion. On April 20, 2021, the trial court issued reasons for denying the motion for summary judgment, finding that there existed a myriad of issues of law and fact surrounding the transaction at the core of the litigation, which could not be decided summarily. There was insufficient evidence, the court concluded, to find as a matter of law that plaintiff performed under the contract, that plaintiff recovered any money on behalf of D.F.A., or to calculate compensation or damages, if any was owed. Additionally, the court noted that Mr. Davison raised the issue of fraud on the part of the plaintiff, which would void the contract if proven.

Plaintiff filed a motion to reconsider the denial of its motion for summary judgment. Therein, plaintiff argued that the court overlooked documents submitted by plaintiff in connection with the motion for summary judgment. In support of the reconsideration motion, plaintiff filed two exhibits that were filed in connection

---

[2]We pretermit discussion of the documents submitted in support of and in opposition to the motion for summary judgment since the trial court denied the motion and a supervisory writ was not taken to this court.

3

with the initial motion for summary judgment, as well as two additional exhibits which had been "mistakenly omitted" from the evidence plaintiff filed with the motion for summary judgment. Following a hearing, the trial court granted the motion for reconsideration and granted plaintiff's motion for summary judgment. In a judgment signed on September 24, 2021, the trial court entered judgment against D.F.A. in the amount of $23,127.77, court costs, legal interest, and reasonable attorney's fees as contractually set forth, to be set by the court upon presentation by plaintiff and its attorney of an accounting as to the fees believed to be due and reasonable.

D.F.A. appealed, arguing in four assignments of error that the trial court erred in granting the motion for summary judgment. We agree that the trial court committed legal error in reconsidering its previous denial of a motion for summary judgment and then rendering a final summary judgment in favor of plaintiff.

The Louisiana Code of Civil Procedure does not provide for a motion for reconsideration with respect to any judgment. While many courts have considered such a motion as a motion for new trial (See, e.g., **Lexington Land Development, L.L.C. v. Chevron Pipeline Co.**, 2020-0622 (La. App. 1st Cir. 5/25/21), 327 So.3d 8, 17, writ denied, 2021-01194 (La. 11/17/21), 327 So.3d 996), to do so in this case would be incorrect since a motion for new trial may only be filed from a final judgment. A motion for a new trial is not a proper procedural vehicle to challenge the propriety of an interlocutory ruling. **Allstate Insurance Company v. Mohamadian**, 2009-1126 (La. App. 1st Cir. 2/17/10), 35 So.3d 1118, 1121. Without question, the denial of a motion for summary judgment is an interlocutory ruling. Id. Once the trial court denied plaintiff's motion for summary judgment, plaintiff's remedies were to seek review by supervisory review of that ruling or to re-urge the motion for summary judgment with the same documents or to file a

4

new motion for summary judgment, with new documents, subject to all of the procedural rules applicable to a motion for summary judgment. See La. C.C.P. arts. 966 and 968; **Allstate Insurance Company**, 35 So.3d at 1121; **Magallanes v. Norfolk Southern Railway Company**, 2009-0605 (La. App. 4th Cir. 10/14/09), 23 So.3d 985, 988-89.

We recognize that a court may reconsider a granting of a partial motion for summary judgment in cases where new documents are discovered since the rendering of the prior judgment and the partial judgment was not certified as final. In such cases, the grant of the partial judgment would be reversed, and the parties would conduct further proceedings before the trial court. See **Zapata v. Seal**, 2020-01148 (La. 9/30/21), 330 So.3d 175, 178-79. However, there is no procedure provided for in La. C.C.P. art. 966 that would allow a party to file a motion to reconsider a prior denial of a summary judgment, and to file new documents with the motion that were "mistakenly omitted" from the original motion. If a final judgment is to be rendered against a party that deprives that party of its right to a trial, the proper motion and procedures mandated by Article 966 must be followed.

Therefore, we reverse the trial court's judgment granting plaintiff's motion for reconsideration of the denial of its motion for summary judgment and granting plaintiff's motion for summary judgment. Because we find procedural error by the trial court in the granting of the motion for summary judgment, we do not reach the substantive assignments of error raised by the appellant. We remand the case to the trial court for appropriate proceedings in accordance with this opinion. Costs of this appeal are assessed against plaintiff, Danielle's Legacy, LLC.

**REVERSED AND REMANDED.**

5