# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

RONATA LLOPIS

VERSUS

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY
(IN ITS CAPACITY AS
UNINSURED/UNDERINSURED
MOTORIST CARRIER) AND USAA
CASUALTY INSURANCE COMPANY
(IN ITS CAPACITY AS
UNINSURED/UNDERINSURED
MOTORIST CARRIER)

NO.   2024 CW 0015

PAGE 1 OF 2

**MARCH 5, 2024**

---

In Re:    Ronata Llopis, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 202211387.

---

**BEFORE:   McCLENDON, CHUTZ, HESTER, MILLER, AND STROMBERG, JJ.**

**WRIT DENIED.** In response to, and less than a week after, an ex parte order granting Plaintiff leave to file its First Supplemental and Amending Petition for Damages, USAA filed a "Motion to Object and Alternative Motion to Strike First Supplemental and Amending Petition for Damages." A motion to strike is an appropriate vehicle to address an "insufficient demand." See La. Code Civ. P. art. 964. The demand was insufficient insofar as it was filed without the consent of the opposing party and without the contradictory motion required by La. Code Civ. P. art. 1155, and a motion to strike is the appropriate vehicle to challenge the filing. See **Roberts v. Murphy Oil Corp.**, 577 So.2d 308, 313 (La. App. 4th Cir.), writs denied, 580 So.2d 670, 673 (La. 1991); see also **Succession of Serpas**, 2016-257, 2016-258, 2016-259 (La. App. 5th Cir. 9/28/16), 2016 WL 5404415, *4-5 (unpublished). A decision as to whether to grant leave to supplement a pleading is within the sound discretion of the trial court and shall not be disturbed absent an abuse of that discretion. **Palowsky v. Cork**, 2019-0148 (La. App. 1st Cir. 5/20/20), 304 So.3d 867, 875. We find the trial court did not abuse its discretion in reconsidering its ex parte order and denying Plaintiff leave to file its First Supplemental and Amending Petition for Damages.

**WRC**
**SMM**
**TPS**

McClendon, J., dissents. A motion to strike is a means of cleaning up the pleadings, not a means of eliminating causes of action or substantive allegations. **Cole v. Cole**, 2018-0523 (La. App. 1st Cir. 9/21/18), 264 So.3d 537, 544. Motions to strike are viewed with disfavor and are infrequently granted. **Id.** The proper procedural vehicle to seek review of the trial court's interlocutory ruling granting Plaintiff leave of court to file an amended and supplemental petition was an application for supervisory writ. See **Waiters v. deVille**, 2020-0556 (La. App.

4th Cir. 12/30/20), 365 So.3d 544, writ denied, 2021-00283 (La. 4/13/21), 313 So.3d 1249; see also **Allstate Ins. Co. v. Mohamadian**, 2009-1126 (La. App. 1st Cir. 2/17/10), 35 So.3d 1118, 1120. Accordingly, I would deny USAA's motion to strike, as it is procedurally improper and USAA failed to file a timely writ application to seek review of the trial court's ruling granting Plaintiff leave of court to file an amended and supplemental petition.

**Hester, J.**, dissents and would grant the writ application.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT