# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

C.A. ALTAZAN JR. AND THERESA
ALTAZAN

VERSUS

CRAIG H. GOSSERAND,
GOSSERAND CONSTRUCTION,
L.L.C. AND MOGOSS
CONSTRUCTION, L.L.C.

NO.   2025 CW 1069

JANUARY 23, 2026

---

In Re:   Western World Insurance Company, applying for supervisory writs, 18th Judicial District Court, Parish of West Baton Rouge, No. 1047034.

---

BEFORE:   McCLENDON, C.J., GREENE AND STROMBERG, JJ.

**WRIT NOT CONSIDERED.** This writ application is untimely. Relator's, Western World Insurance Company, notice of intent was filed on October 2, 2025, more than thirty days after the district court signed a judgment granting the plaintiffs' motion for default judgment, and notice of judgment was mailed on April 22, 2025. Although relator filed a motion for a new trial on April 28, 2025, following the district court's grant of the motion for default, that ruling was interlocutory because it was partial, and a motion for new trial pertains only to final judgments. **Allstate Insurance Co. v. Mohamadian,** 2009-1126 (La. App. 1st Cir. 2/17/10), 35 So.3d 1118, 1121. Thus, we find that the motion for new trial filed by Western World was procedurally improper. Most significantly, the filing of a motion for new trial seeking reconsideration of an interlocutory ruling cannot interrupt the thirty-day period for filing an application for supervisory writs established by Rule 4-3 of the Uniform Rules of Louisiana Courts of Appeal. See **Carter v. Rhea,** 2001-0234 (La. App. 4th Cir. 4/25/01), 785 So.2d 1022, 1025.

PMc
HG
TPS

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT